Argued June 26, affirmed July 27, 1972

STATE OF OREGON, *Respondent, v.* ORVAL
JOSEPH CAPPLEMAN (No. 14-217), *Appellant.*

499 P2d 1372

*Frank Porcelli, Jr.,* Beaverton, argued the cause
for appellant. With him on the brief was L. M. Gio-
vanini, Beaverton.

*John W. Osburn,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

SCHWAB, C. J.

In a jury trial defendant was convicted of falsification of corporate records in violation of former ORS 165.250. On appeal his assignments of error which merit discussion concern the admission of various evidence over objections based on *Miranda,*[1] hearsay and improper foundation.

Defendant is vice president of a car dealership, Beaverton Dodge, Inc. In September 1971, Beaverton Dodge, Inc., sold a used Toyota to another dealer, Beaverton Toyota Co., Inc. At the time of delivery to the latter, the odometer on this car showed approximately 12,000 miles. Apparently an employe of Beaverton Toyota then discovered a sticker on the air cleaner of the car indicating that the car had been serviced at about 28,000 miles. A possible odometer turn-back was reported to the police, and Officer Rainey was assigned to investigate it.

Officer Rainey went to Beaverton Dodge on several occasions seeking old service records for the Toyota in question. Such records would indicate the car's mileage on the dates it was serviced. The officer spoke with Mr. Nottley, president of Beaverton Dodge, Inc., and with defendant. During one of these conver-

---

[1] Miranda v. Arizona, 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966).

sations Mr. Nottley or Officer Rainey or both asked defendant to get the service records Officer Rainey wanted. Defendant left the office where the conversation was taking place and located a work order on the car in question dated September 1971, which showed an odometer reading of approximately 32,000 miles. It was introduced at trial as State's Exhibit 1. Defendant then copied most of the information on State's Exhibit 1 onto a separate work order form, except that he wrote "12,281" miles in the appropriate space. The copy was introduced as State's Exhibit 2 and was the alleged corporate record defendant was accused of falsifying. Defendant and/or Mr. Nottley then presented the falsified document (Exhibit 2) to Officer Rainey.

It was the state's theory that employes at Beaverton Dodge, Inc., had turned back the Toyota's odometer, and that defendant falsified State's Exhibit 2 with the intent to deceive Officer Rainey in his investigation of the odometer turn-back.

Defendant's *Miranda* argument is addressed to testimony of Officer Rainey in which the officer related the details of a conversation with defendant in Mr. Nottley's office at Beaverton Dodge, Inc. Officer Rainey testified that defendant admitted he copied the information on State's Exhibit 1 onto State's Exhibit 2 and in the process made the critical change in the information about the Toyota's mileage.

The record reveals that a pre-trial *Miranda* hearing was held on February 8, 1972. It resulted in the entry of an order which provided in part:

"* * * * *

"* * * [T]he conversations by the Oregon State Police officer, William Rainey and the de-

fendant were not the product of a custodial interrogation * * *;

"* * * * *."

Presumably because this order became the law of the case, at the trial held February 14, 1972, nothing was said about a *Miranda* issue, and no record was developed on the facts relevant to such an issue.

It is impossible for us to consider defendant's *Miranda* contention because we only have a transcript of the February 14, 1972, proceedings. From the record before us we do not even know the exact nature of the earlier February 8 proceedings. We assume testimony was taken at that time on the *Miranda* question, but no transcript has been included in the record before us. Thus, there is nothing to review.

Defendant's hearsay contentions concern testimony of Officer Rainey and Tony DiVito, sales manager of Beaverton Toyota, in which they related conversations they had with Mr. Nottley.

■ The statements attributed to Nottley by Rainey and DiVito were properly admitted as conspiratorial statements. The evidence established a *prima facie* case that Nottley and defendant had at least acquiesced in—if not engineered—the turn-back of the Toyota's odometer and the fraudulent sale of that automobile to Beaverton Toyota. *See, State v. Van Nostrand,* 2 Or App 173, 465 P2d 909, Sup Ct *review denied* (1970). From this it is not unreasonable to infer that Nottley and defendant continued to act together with the common intent of concealing their prior activities by falsifying State's Exhibit 2. Nottley's statements were, therefore, admissible against defendant.

■ The issue raised by defendant's remaining as-

signment of error is whether certain records of Beaverton Toyota were properly admitted as business records. Defendant's brief argues they were admitted "without a proper foundation," and then quotes a transcript passage in which Mr. DiVito, the witness who laid the foundation for the subject records, stated he was not the custodian of them.

ORS 41.690 provides:

"A record of an act, condition or event, shall, in so far as relevant, be competent evidence if the custodian *or other qualified witness* testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and *if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.*" (Emphasis supplied.)

Mr. DiVito's testimony establishes that as sales manager of Beaverton Toyota he was familiar with the records kept by that business. He described in detail how records like those subsequently introduced in evidence are prepared and maintained. There was no abuse of discretion.

Affirmed.