Argued April 27, affirmed June 1, 1976

WHITAKER, *Petitioner,*
*v.*
FAIR DISMISSAL APPEALS BOARD et al,
*Respondents.*
(CA 5364)
550 P2d 455

*Ellen Rosenblum,* Eugene, argued the cause for petitioner. With her on the brief were David Jensen and Hammons, Phillips & Jensen, Eugene.

*Richard L. Barron,* Coos Bay, argued the cause for respondent School District. With him on the brief were Bedingfield, Joelson, Gould & Barron, Coos Bay.

No appearance by respondent Fair Dismissal Appeals Board.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

FOLEY, J.

**FOLEY, J.**

Petitioner teacher seeks reversal of a decision of the Fair Dismissal Appeals Board upholding his dismissal by respondent Coos Bay School District No. 9 on the basis that his classroom performance was inadequate. ORS 342.865(1)(g).[1] Petitioner contends that the Board committed error by admitting certain evidence at the hearing and argues that the Board's decision is not supported by substantial evidence in the whole record.[2] We affirm.

Petitioner was employed by the School District on a year-to-year basis from August 1954 to June 30, 1975. From 1968 to 1975 petitioner received eight performance evaluations, seven by School District's principal. Six of these evaluations rated petitioner's performance as unsatisfactory and two (in 1971 and 1972) rated it as just above satisfactory. After receiving a number of unsatisfactory evaluations, petitioner requested that team evaluations be conducted. Two team evaluations were conducted in 1971 by a team of three evaluators, including a teacher selected by petitioner. These evaluations rated petitioner as unsatisfactory; the evaluation of the teacher selected by petitioner did not differ significantly from the unsatisfactory ratings of School District's principal. Although a number of petitioner's colleagues testified that he was an ade-

---

[1]In pertinent part, the Fair Dismissal Law provides as follows:

"(1) No permanent teacher shall be dismissed except for:

"* * * * *

"(c) Insubordination;

"* * * * *

"(g) Inadequate performance;" ORS 342.865.

The Board found the School District did not prove the alleged statutory ground of insubordination, subsection (1) (c) above.

[2]Petitioner also contends that the Board erred in denying his motion to strike the School District's allegations of "less than satisfactory" performance in the District's Notice of Intent to Recommend Dismissal on the basis that this language did not sufficiently allege the statutory ground of "inadequate performance." ORS 342.865(1)(g). Since "satisfactory" is synonymous with "adequate," we find no merit to this contention. *See* Webster's New International Dictionary, Unabridged 31 (2d ed 1959).

quate teacher, only one of these teachers observed petitioner's teaching ability in the classroom.

■ First, petitioner contends that the Board erred in receiving into evidence evaluations of his performance as a teacher under the business records exception to the hearsay rule because the District did not lay a proper foundation for admission of the records.[3] We disagree. The testimony of Dr. Walt, assistant superintendent in charge of personnel for the District and custodian of the records, established the prerequisites for admission of the evaluation instruments. His testimony shows that the instruments were records of petitioner's performance as ascertained by the evaluators. His testimony also shows that the records were made during the regular course of the District's operation and placed in petitioner's personnel file. The Board did not err in admitting the evaluation documents into evidence. *See State v. Cappleman,* 10 Or App 176, 499 P2d 1372 (1972).

■ Secondly, petitioner contends that the Board improperly admitted testimony from Dr. Walt as to the District's standard for adequate performance by teachers. Over petitioner's objection, Dr. Walt was allowed to testify to the number of points below which a teacher was considered inadequate by the District. Petitioner argues that the best-evidence rule required production of a document setting forth the District's policy. However, as respondent points out, evidence of the District's policy with respect to the numerical basis of the evaluation of teachers was already in evidence as part of an exhibit submitted by petitioner. Since the evidence objected to was merely cumulative, the best-evidence objection becomes unimportant.

[3]The Uniform Business Records as Evidence Act provides:

"A record of an act, condition or event, shall, in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission." ORS 41.690.

■■ Finally, we consider petitioner's argument to the effect that the Board's determination is not based on substantial evidence when all the evidence in the record is sifted and weighed. We are not authorized to follow petitioner's suggestion that we make an independent determination as to whether an examination of all the evidence justifies petitioner's dismissal. *See Universal Camera Corp. v. Labor Bd.*, 340 US 474, 71 S Ct 456, 95 L Ed 456 (1951). Under ORS 183.480(7)(d) our review is limited in such cases solely to a determination of whether the administrative agency's finding is supported by substantial evidence. *See Bay v. State Board of Education*, 233 Or 601, 378 P2d 558, 96 ALR2d 529 (1963); *Von Weidlein/N. W. Bottling v. OLCC*, 16 Or App 81, 514 P2d 560, 515 P2d 936, 517 P2d 295, 300 (1973), Sup Ct *review denied* (1974). We conclude that the Board's finding that petitioner is an inadequate teacher is supported by substantial evidence.

Affirmed.