Argued June 18, affirmed August 6, 1970

MIESEN, *Appellant, v.* DEPARTMENT OF
COMMERCE ET AL, *Respondents.*

473 P2d 691

*R. W. Kitson*, Portland, argued the cause for appellant. With him on the brief was Rader & Kitson, Portland.

*Al J. Laue*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were R. Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before Schwab, Chief Judge, and Fort and Branchfield, Judges.

BRANCHFIELD, J.

This is an appeal from a decree of the circuit court affirming an order of the Real Estate Commissioner which suspended appellant's broker's license for 90 days.

Appellant was ordered by John E. Black, Real Estate Commissioner, to appear and show cause why his real estate broker's license should not be suspended or revoked. The notice of the hearing was timely, it recited appropriate jurisdictional facts, and it notified appellant that he was charged with having violated the law governing the conduct of real estate brokers.

Miesen claims the notice did not allege any fiduciary duty. That duty arose when he executed a contract to serve as broker in the sale of a house. The notice was sufficient to apprise him of the charges against him.

The hearing was conducted in the office of the Real Estate Commissioner on September 17, 1968, and on September 30, 1968. The appellant appeared, participated in the hearing, conducted cross-examination and testified. He was not represented by an attorney although the hearing notice stated that he had the right to be represented by counsel. At the beginning of the hearing, Mr. Miesen stated that he wished to proceed without an attorney.

The Commissioner made the following findings of fact:

## "FINDINGS OF FACT

"1. That at all times herein mentioned the defendant, Walter J. Miesen, was and is a duly licensed real estate broker, being the designated broker of Mutual Realty, Inc., with offices at 5135 S.W. Beaverton Highway, Portland, Oregon.

"2. That on or about the 10th day of August, 1967, a Mr. and Mrs. Frank J. Weddle employed the defendant to sell real property owned by them commonly known as 5328 S.W. 42nd Street, Portland, Oregon, and on said date entered into a written employment contract with the defendant which provided that the employment was effective only upon the Weddles having purchased a new home known as 5150 S.W. Martha Street, Portland, Multnomah County, Oregon.

"3. That on August 10, 1967, Mr. and Mrs. Weddle signed a written earnest money offer to purchase the real property situated at 5150 S.W. Martha Street, Portland, Oregon, for the sum of $13,500.00, which real property consisted of a house and lot and an adjacent lot.

"4. That the sale of the said real property on Martha Street was being handled by the Pioneer Trust Company of Salem, Oregon, the guardian of

the estates of Louis D. Bucklen and Nerine V. Bucklen, incompetent persons.

"5. That on August 11, 1967, the defendant went to the office of the Pioneer Trust Company, Salem, Oregon, and discussed with Mrs. Grace Wilson, a secretary in that office, the bid procedures utilized by the Trust Company. That the defendant mentioned that he had a bid of $13,500.00, which was contingent, but did not physically present the written bid of the Weddle's to the Pioneer Trust Company. That defendant was advised that the Pioneer Trust Company did not accept contingent bids for guardianship property. At that time the defendant submitted his own bid on forms supplied by the Pioneer Trust Company in the sum of $12,750.00, for the said real property on behalf of Mutual Realty, which bid was ultimately accepted and a guardian's deed was executed and delivered on October 18, 1967, conveying the said real property to Mutual Realty, Inc., an Oregon corporation.

"6. That on October 1, 1967, the defendant contacted the Weddles and offered to sell the real property at 5150 S.W. Martha Street, Portland, Oregon, to the Weddles for the sum of $15,500.00, and on said date a written earnest money agreement was entered into between Frank J. Weddle and wife as Purchasers and Mutual Realty, Inc., by Walter J. Miesen, as Sellers, whereby the latter sold the said real property consisting of house and one lot to the Weddles for the sum of $15,500.00. That thereafter the defendant sold the other lot adjacent to the said property for the sum of $2,000.00.

"7. That at the time the Weddles signed their earnest money offer of August 10, 1967, they delivered to defendant their check for $200.00 as down payment. That the said $200.00 earnest money was not returned to the Weddles by the defendant following non-acceptance of their offer by the Pioneer Trust Company, but instead was retained by

the defendant in his office and applied to the ultimate purchase of the property as reflected by the earnest money contract of October 1, 1967.

"8. That while the defendant testified that in making the purchase from the Pioneer Trust Company and subsequent sale to the Weddles that he received no commission and that he was acting on behalf of other clients or persons for whom he was doing a favor, the names of whom he refused to divulge, the evidence is insufficient to show that the defendant did not directly or indirectly profit from the said transactions.

"9. That the evidence shows that defendant in submitting bids and in purchasing the property on his own behalf did not advise or clearly make known to the Weddles that he was acting for other parties also in the transaction.

"* * * * *"

Based upon those findings of fact the Commissioner concluded that Miesen had violated the provisions of ORS 696.300 (1)(e) and (q)[1] and that his license should be suspended.

_____

[1] ORS 696.300:

"(1) The commissioner may, upon his own motion, * * * investigate the actions of any real estate broker * * * and has the power to suspend or revoke any license issued under ORS 696.010 to 696.490 * * * at any time * * * where the licensee, in performing or attempting to perform any of the actions mentioned in ORS 696.010 to 696.490 * * * is deemed to be guilty of:

"* * * * *

"(e) Acting for more than one party in the transaction without the knowledge of all parties for whom he acts.

"* * * * *

"(q) Any act or conduct, whether of the same or a different character than specified above in this section, which constitutes or demonstrates bad faith, incompetency or untrustworthiness, or dishonest, fraudulent or improper dealings.

"* * * * *"

■ If the facts found by the Commissioner are supported by substantial evidence, they are binding upon this court. We may not substitute our judgment for that of the Commissioner where there is substantial evidence to support his finding. *Bay v. State Board of Education*, 233 Or 601, 608, 378 P2d 558, 96 ALR2d 529 (1963).

■ We find, as did the circuit court, that there was substantial evidence to support the findings of the Commissioner.

The essential issue is whether there was error in the suspension of Miesen's broker's license. The evidence was conclusive, and Miesen agreed, that he was employed as a broker by the Weddles to sell their house on 42nd Avenue for a commission, contingent upon their purchase of the Martha Street property. A fiduciary relationship was thus clearly established. In *Prall v. Gooden et ux*, 226 Or 554, 561, 360 P2d 759 (1961), the court said:

> "It also must be kept in mind that a real estate broker stands in a fiduciary relationship with his customer or client and is thus bound to protect his clients' interests. He must, therefore, make a full, fair and understandable explanation to the client before having him sign any contracts, particularly when those contracts are with the broker himself. *Sexton v. Kelly*, 185 Or 1, 9, 200 P2d 950; 12 CJS, Brokers 96, § 41; 8 Am Jur, Brokers 1035, § 86."

The evidence shows that Miesen acted in disregard of his fiduciary duty to the Weddles when he purchased the Martha Street property in the name of Mutual Realty, Inc., knowing that the Weddles desired to purchase that property and after having been entrusted by them with an earnest money offer thereon. His conduct indicates at best a lack of understanding of

his legal duties to his clients. The law governing the conduct of real estate brokers was violated and the Commissioner was justified in ordering suspension of Miesen's license.

Affirmed.