Argued December 15, 1970, affirmed January 14, petition for
rehearing denied February 3, petition for review
denied March 16, 1971

AMUCHASTEGUI, *Appellant, v.* DEPARTMENT
OF EMPLOYMENT ET AL, *Respondents.*

479 P2d 526

*Reuben Lenske,* Portland, argued the cause and filed the brief for appellant.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent State of Oregon Department of Employment. With him on the brief were

Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

No appearance for respondent Perfect-Fit Mfg. Company, an Oregon corporation.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FORT, J.

Plaintiff, upon termination of her employment, applied to the State of Oregon Department of Employment (now Employment Division), one of the two respondents herein, for unemployment benefits. Her claim was denied on the ground she voluntarily terminated her own employment. She petitioned the circuit court for review.

The trial court affirmed the action of the respondent-Department, and the plaintiff appeals.

Plaintiff was employed for many years by the Perfect-Fit Mfg. Company, the other respondent herein, as a power sewing machine operator. This company had a union shop contract with Upholsterers' International Union of North America, Local No. 65, AFL-CIO, which provided:

> "* * * The Employer agrees to employ and to retain in employment only members of the Union in good standing. * * *"

The plaintiff had for a long time been a member of and in good standing with the union and had served six years on its executive board.

A dispute arose between her and the union as a result of which she ceased paying her dues. Thereafter she refused to pay them when demanded to do

so by the union. She ceased, in due course, to be a member in good standing. The union notified the employer, and the employer, pursuant to the contract, discharged her.

ORS 657.285 (5) provides:

> "In any judicial proceeding under this section, the findings of the Employment Appeals Board as to the facts if supported by evidence, in the absence of fraud, are conclusive, and the jurisdiction of said court shall be confined to questions of law. * * *"

*Miesen v. Dept. of Commerce,* 3 Or App 251, 473 P2d 691 (1970). The findings of the Appeals Board, summarized above, are fully supported by the evidence. No question is raised concerning full compliance by both the union and the employer with the provisions of the contract between them.

ORS 657.176 (2) disqualifies an individual from receiving unemployment compensation who has "left work voluntarily without good cause."

Thus the following question is presented:

> Does an employe's voluntary failure to maintain union membership which results in termination of employment pursuant to a collective bargaining agreement between the employer and the union constitute voluntary termination of employment, thereby precluding the payment of unemployment benefits?

We are of the opinion that it does constitute a voluntary termination within the meaning of ORS 657.176 (2). To hold otherwise would require the respondent-Department to become the arbiter of every dispute between a member and his union which culminated in

the member's voluntary refusal to maintain himself in good standing with his union. Other tribunals, both state and federal, exist for the airing of such disputes, where such relief as may be appropriate can be afforded in a proper case. But the duties enjoined upon the respondent-Department by law do not include furnishing such a forum.

The New York Court of Appeals considered the problem in *Matter of Malaspina (Corsi)*, 309 NY 413, 131 NE2d 709 (1956). There claimant refused to pay the union dues and initiation fee required by the union. There was a valid union shop contract between the employer and the union. In conformity with that contract the employer discharged the claimant. In holding that the claimant had voluntarily terminated his employment within the meaning of the unemployment compensation law, the court said:

> "As is evident, the sole question presented is whether claimant, within the meaning of section 593 of the Unemployment Insurance Law (Labor Law, art. 18), left his employment 'voluntarily' and 'without good cause.' * * *
>
> "* * * * *
>
> "The applicable collective bargaining agreement required that, within 60 days after being hired, an employee must join the union, and that, if he fails to do so, the employer must discharge him. Obviously, by refusing or failing to become a member, the employee brings about his own discharge, and such action or inaction may not logically or reasonably be regarded as anything but voluntary on his part. In other words, joining the union was a condition precedent to continued employment; if, for any reason, he did not join and was discharged, he must be deemed to have quit voluntarily. If the rule were otherwise, the collective bargaining provision insisting upon union membership as pre-

requisite to employment would be considerably diluted, if not destroyed." 309 NY at 417-18. See also, Annotation, 90 ALR2d 835 (1963).

The only case cited by the appellant is *Sherbert v. Verner*, 374 US 398, 83 S Ct 1790, 10 L Ed 2d 965 (1963). That case arose under the First Amendment and held that a Seventh Day Adventist who, because of her religious beliefs, refused to work on her Sabbath Day, and was thus terminated, and would not accept other work requiring her to work on Saturday, could not be required to do so or lose her right to unemployment benefits. There is no such claim here. The case is not in point.

The judgment is affirmed.