Argued July 23, affirmed August 27, petition for rehearing denied
September 26, petition for review denied December 18, 1973

# JOINER, *Petitioner, v.* PUBLIC EMPLOYE
# RELATIONS BOARD, *Respondent.*

513 P2d 523

*Robert L. Engle,* Woodburn, argued the cause for petitioner. With him on the brief were Eichsteadt, Bolland & Engle, Woodburn.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

THORNTON, J.

This is an appeal from an order of the Public Employe Relations Board (PERB) affirming peti-

tioner's suspension and dismissal by the State Department of Human Resources for alleged misconduct, insubordination, malfeasance and other unfitness. ORS 240.555.

Briefly stated, the evidence at the lengthy hearing was that in July 1970 petitioner was hired by the State Economic Opportunity Office of the Department of Human Resources as an assistant administrative analyst (classified service) in a federally-funded OEO program to assist low-income persons in drafting and securing passage of state laws designed to aid such persons. In the fall of 1971, petitioner, believing that she would improve her job skill by doing so, enrolled in the Willamette University College of Law in Salem for one semester, with the permission of her superiors and with the understanding on their part that she was enrolled for only two courses.

In January 1972 she enrolled for another semester. Shortly thereafter her superiors learned that she was, and had been, enrolled for a full schedule of law courses, and was attending such classes regularly during prescribed office working hours. Her superiors objected to this conduct, claiming that her absences during working hours were improper and interfering with her job performance. In the course of the ensuing discussion, petitioner informed her superiors that she had already paid her next semester's tuition and that she would lose her investment if she were not allowed to continue to attend classes. As a result her superiors relented, gave her permission to continue her law studies for one semester, but ordered that her pay and work schedules be reduced to part-time status to reflect the time spent away from her job. She continued on a part-time status until the end of the school

semester. She resumed a full-time status on May 8, 1972.

In August 1972 she told her immediate superior that she had no plans for the fall semester respecting law school, or she might attend one or two classes. Her superiors informed her that she would have to have written authorization for any further law school attendance during regular working hours. Notwithstanding, she proceeded to enroll in and attend law school as a full-time student commencing September 4, 1972, without the knowledge of her superiors, and without seeking or obtaining written permission.

On or about August 28, 1972, while her superior was away on vacation, petitioner placed on his desk a memo in which she stated that she intended to work from 9 a.m. to 6 p.m., rather than the established 8 a.m. to 5 p.m. hours, due to the congestion on the bridge between her West Salem home and the office building where she worked. Her superior testified that he recalled an earlier oral request from petitioner but at no time did he give petitioner permission to change her working hours.

Sometime thereafter, when her superior was attempting to locate her for a staff meeting, he learned that she was again enrolled at the College of Law of Willamette University, and attending classes, starting at 8 a.m., on a regular basis during established working hours. Petitioner was thereupon served with a notice of suspension and dismissal on the statutory grounds of alleged misconduct, insubordination, malfeasance and other unfitness.

On appeal petitioner contends that the order of the PERB is erroneous in that (1) there was no evi-

dence to support its Finding of Fact No. 4;[1] and (2) "[p]etitioner was denied her right to protest what she believed to be an unjust and inequitable act in that her Agency wrongfully failed to provide her with a grievance procedure"; consequently PERB erred "in refusing to find that the Agency [Department of Human Resources] violated its official duty" in failing to provide petitioner with a grievance procedure as required by statute.

■ ■ As to petitioner's first contention that there was no evidence to support the PERB's Finding of Fact No. 4, we have duly examined the entire record and find that there is substantial evidence in that record to support PERB's Finding of Fact No. 4.[1] Where the facts determined by the administrative agency are supported by substantial evidence, they are binding on this court on review. ORS 183.480 (6). *See also, Bay v. State Board of Education,* 233 Or 601, 378 P2d 558, 96 ALR2d 529 (1963); *Miesen v. Dept. of Commerce,* 3 Or App 251, 473 P2d 691 (1970).

The thrust of petitioner's second contention seems to be that since the appointing authority was tardy in providing an employe grievance procedure as required by Section 2, Rule 82-200, Personnel Rules and Merit System Law, issued by the Executive Depart-

---

[1] Finding of Fact No. 4:

"Appellant accepted full pay during the period, despite knowing that she was not working full time.

"Appellant went contrary to the known orders of her superiors in attending classes during working hours.

"Appellant accepted pay for work not performed, for time during which she was not on the job.

"Appellant, in representing that she intended to report late and stay late due to bridge traffic, was an evasion of fact and deceitful.

"Appellant failed to establish any discrimination toward herself because of sex or for any other reason."

ment, Personnel Division, State of Oregon, effective January 1, 1971,[2] PERB erred in refusing to find that her former employer violated its official duty in failing to provide petitioner with a grievance procedure. From this premise petitioner argues that she was justified in enrolling in law school and attending classes during the hours she was being paid to work for the state. According to the record petitioner's former employer did not establish a written grievance procedure until October 30, 1972. Petitioner concedes in her brief that she misrepresented her activities between 8 a.m. and 9 a.m. on each working day by her memo of August 28.

There is no statute specifically imposing a duty on state agencies or even the administrator of the state Personnel Division to make rules and regulations providing an employe grievance procedure. Rule 82-200, referred to above, was apparently promulgated by the administrator pursuant to his general power to promulgate "such rules as are necessary to carry out the duties, functions and powers of the Personnel Division" granted by ORS 240.180, and in carrying out closely-related duties imposed upon the Personnel Division by ORS 240.555 and 240.560.

Granted that Section 2, Rule 82-200, states that all state agencies must establish an orderly grievance procedure, delay or even failure to do so would not

---

[2] Section 2, Rule 82-200, Personnel Rules and Merit System Law, issued by the Executive Department, Personnel Division, State of Oregon, effective January 1, 1971, provides:

"Each agency shall provide a grievance procedure to insure full consideration of grievances within the agency. Each agency shall include in its grievance procedure a provision for review by the Personnel Division in the event that the grievance is not resolved at the agency level."

authorize a state employe to disobey orders, nor to determine unilaterally when and even if, he will work, nor to draw pay for time when he was not actually working, unless his absence was duly authorized by his superiors. *See, MacMillan v. Morgenthau,* 146 Misc 588, 263 NYS 568 (1933), where the court held that an employe may not successfully defend against a discharge by showing that he honestly believed it would be better for the service if he disobeyed the order and executed his duty in a manner contrary to the order.

The PERB did not err in refusing to find that petitioner's former employer violated its official duty in failing to provide her with a grievance procedure.

Summarizing, petitioner not only took advantage of her public employer by absenting herself from her job and going to school[9] while she was being paid to work for the state, she violated express orders of her superiors and compounded her dereliction of duty owed the public by giving her immediate superior the false impression that her tardy arrival was caused by traffic congestion when, in fact, it resulted from her decision to enroll in law school and attend classes surreptitiously commencing at eight o'clock in the morning.

■ Petitioner's contention that she performed her duties in the evenings and on weekends is not a defense to the charges here.

---

[9] Section 4, Rule 74-200, Personnel Rules and Merit System Law, supra, provides:

"An employee may be granted educational leave in which his agency may defray a part or all of the cost, either through allotment or payment of a salary. Such leave shall be granted only when the benefits to be realized by the state will outweigh the cost and inconvenience to the state. Each request for leave must be approved by the administrator, who normally shall not approve such leave for more than one year."

The suspension and dismissal were justified, and the decision of the PERB upholding that action by petitioner's employer must be affirmed.

Affirmed.