No. 73–844. TRINKLER v. ALABAMA. Ct. Crim. App. Ala. Certiorari granted, judgment vacated, and case remanded for further consideration in light of *Hamling* v. *United States, ante,* p. 87, and *Jenkins* v. *Georgia, ante,* p. 153. MR. JUSTICE DOUGLAS, being of the view that any state ban on obscenity is prohibited by the First Amendment, made applicable to the States by the Fourteenth (see *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 70 (1973) (DOUGLAS, J., dissenting)), would grant certiorari and reverse the judgment.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Petitioner was convicted in the Circuit Court of Montgomery County, Alabama, of selling allegedly obscene matter in violation of Title 14, § 374 (4), Code of Alabama (Supp. 1973), which provides in pertinent part as follows:

> "Every person who, with knowledge of its contents, . . . sells . . . any obscene printed or written matter . . . shall be guilty of a misdemeanor. . . ."

"Obscene," for purposes of § 374 (4), is defined in § 374 (3) as meaning "lewd, lascivious, filthy and pornographic and that to the average person, applying contemporary community standards, its dominant theme taken as a whole appeals to prurient interest." The Alabama Court of Criminal Appeals affirmed the conviction. 50 Ala. App. 735, 282 So. 2d 344.

It is my view that, "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton*, 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting). It is clear that, tested by that constitutional standard, § 374 (4), as it incorporates the definition of "obscene" in § 374 (3), is constitutionally overbroad and therefore invalid on its face. For the reasons stated in my dissenting opinion in *Miller* v. *California*, 413 U. S. 15, 47 (1973), I would therefore grant certiorari, vacate the judgment of the Alabama Court of Criminal Appeals, and remand for further proceedings not inconsistent with my *Paris Adult Theatre I* dissent.* In that circumstance, I have no occasion to consider at this time whether the other questions presented in the petition merit plenary review. See *Heller* v. *New York*, 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).

---

*Although four of us would grant certiorari and reverse the judgment, the Justices who join this opinion do not insist that the case be decided on the merits.