Argued October 22, affirmed November 10, 1975

HOSKINSON, *Petitioner, v.* PUBLIC EMPLOYES
RETIREMENT BOARD (No. 128069) (CA 4732),
*Respondent.*

542 P2d 157

*David W. Hittle,* Salem, argued the cause for peti-
tioner. With him on the brief were Dye & Olson,
Salem.

*Al J. Laue,* Assistant Attorney General, Salem,
argued the cause for respondent. With him on the

brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

SCHWAB, C. J.

This is a proceeding under ORS 237.171 in which petitioner applied to the Public Employes Retirement Board for a disability retirement allowance. ORS 237.171 provides that a state employe covered by the Public Employes Retirement Act who becomes disabled to the extent that he is unable to perform any work for which he is qualified shall, under certain circumstances, receive a disability retirement allowance. The amount of the allowance is less if the disability does not result from "injury * * * sustained while in actual performance of duty."

■ The parties agree that petitioner is disabled within the meaning of the statute. The question is whether his disability was caused by his on-the-job activities.[①] The parties also agree that as stated by 25 Op Att'y Gen 365 (1950-52) the phrase "injury * * * sustained while in actual performance of duty" (ORS 237.171 (1)) means an injury resulting from, or aggravated or accelerated by the performance of duties in the employment of a participating public employer.

■ In June of 1971 while working as a painter at the Oregon State Correctional Institution petitioner suffered a myocardial infarction. From that time forward his condition deteriorated to the point where he could no longer engage in any work for which he was qualified. The Board's adverse determination which

_____

[①] It should be noted that the claim here is not under the Workmen's Compensation Act and is not governed in any way by the Workmen's Compensation Law.

the petitioner challenges is reviewable by us under the Administrative Procedures Act, ORS ch 183.

The record discloses that petitioner has a medical history of arteriosclerotic heart disease, high blood pressure, obesity, is a heavy smoker and that both of his parents had died from heart-related diseases. Medical evidence was received from three doctors. One doctor was of the opinion that petitioner's heart damage was precipitated by his work activities. Another doctor stated that the petitioner's heart damage which totally disabled him related back to the infarction which occurred on the job, but made no finding as to whether or not the infarction was caused by work activities. A third doctor stated that he was of the opinion that the petitioner's work activities did not contribute to the myocardial infarction.

■ Petitioner argues the medical evidence favorable to him "clearly outweighs" the contrary medical evidence. His brief, however, answers his own contention, stating:

> "It is well established that the findings of fact of an administrative agency will not be disturbed by a court if there is any substantial evidence to support those findings, but that a court has the power to review the record to determine if such evidence was presented. *Joiner v. Public Employes Relations Board,* 14 Or. App. 567, 513 P.2d 523 (1973); *Accident Prevention Division v. Stadeli Pump & Construction, Inc.,* 18 Or. [App] 357, 525 P.2d 170 (1974). Various constructions of substantial evidence have been given. This court has read the term very narrowly, equating 'any evidence' to 'substantial evidence' * * *."

As our opinions which petitioner cites point out, when we review an agency action under the APA, we do not re-weigh the evidence. ORS 183.480(7)(d).

Affirmed.