Argued November 25, affirmed December 29, 1975, reconsideration
denied February 4, petition for review allowed March 23, 1976

HAMMER, *Petitioner, v.* OREGON STATE
PENITENTIARY ET AL (CA 4900), *Respondents.*
543 P2d 1094

744

*Henry H. Drummonds,* Eugene, argued the cause for petitioner. With him on the brief were Kulongoski, Heid, Durham & Drummonds, Eugene.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

FORT, J.

Petitioner was suspended and dismissed from his position as corrections officer at the Oregon State Penitentiary for chronic and excessive absenteeism on the ground that such conduct constituted "unfitness to render effective service" under ORS 240.555(1). Petitioner appeals from an order of the Public Employe Relations Board (PERB) affirming his dismissal. He was a classified employe under the State Merit System Law, ORS ch 240.

Petitioner claims error because no showing was

made that he was unfit to work at the time of his discharge and because the hearing granted him was insufficient to meet the requirements of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

The evidence at the hearing was that at the time petitioner was hired at the Oregon State Penitentiary in January 1972 he had a sciatic nerve injury from active service in Vietnam. In October 1973 petitioner injured his back while on the job. He also suffered from hypertension.

As a result of his back injury and other health problems petitioner was frequently absent from work in 1973 and 1974. PERB found that while absences due to the on-the-job injury were not cognizable in a discharge proceeding, petitioner was absent 143 3/4 hours in 1973 and 169 hours in 1974 in addition to all his regular sick leave and to time loss caused by his back injury.

PERB also found that absenteeism created a serious problem at the penitentiary. Security positions of necessity had to be filled. Absence on short notice required working officers overtime and disrupting their schedules until a relief person could be located. This created a hardship since a number of corrections officers had been absent frequently. Petitioner's record was worse than that of any of the other security officers.

Penitentiary personnel had notified petitioner both orally and in writing several times that his absence record was a serious problem and that he might be disciplined or discharged if his performance did not improve. He was notified at least five times during 1974 that his attendance record was unsatisfactory, the last time on October 21, 1974. After

that date petitioner was absent five days in October and November. On December 3, 1974, petitioner was suspended for ten days without pay and then discharged.

After a hearing held January 22 and 23, 1975, a report from its hearing examiner, and oral argument, PERB, on June 6, 1975, upheld the dismissal.

██ The first question before us is whether PERB had evidence before it to conclude that absences averaging over 19 days per year in addition to authorized sick leave here constitute unfitness to render effective service under ORS 240.555(1).

Petitioner claims that after November 4, 1974, his back problem and hypertension were in remission and that he could not be discharged without a medical examination to establish that he was unable to work. At the hearing he produced a cryptic note from his doctor stating that he thought petitioner was medically able to work, but nothing more.

We believe that PERB's findings of fact are supported by substantial evidence in the record.

Petitioner was hired as a full-time employe. His health problems other than those related to his on-the-job injury have had the effect of making him a part-time employe with unpredictable periods of absence. This has resulted in disruption in the manning of security posts at the penitentiary and, upon occasion, hardship on his fellow workers as stated above. The Board found that petitioner was not wilfully absent for reasons other than health. Nonetheless, after considering his two-year history of numerous absences for health reasons we conclude that this record is sufficient to find that he is unfit to render effective service on his responsible job. The employer

is not required to obtain a medical examination of its employe.[1]

■ We find that "unfitness to render effective service" is not unconstitutionally vague as petitioner contends. In *Arnett v. Kennedy,* 416 US 134, 158, 94 S Ct 1633, 40 L Ed 2d 15 (1974), the plurality held that the provision of 5 USC § 7501(a) authorizing removal "for such cause as will promote the efficiency of the service" was not unconstitutionally vague. This court has also so held in *Palen v. State Bd. of Higher Education,* 18 Or App 442, 525 P2d 1047, Sup Ct *review denied* (1974).

■■ Petitioner next challenges the sufficiency of the procedures followed in his discharge, contending that the lack of a full evidentiary hearing *before* discharge violated his due process rights. He also contends that the hearing before the PERB hearings examiner was not a de novo review of the decision to discharge and thus was not sufficient for due process.

We have recently dealt with these issues in *Tupper v. Fairview Hospital,* 22 Or App 523, 540 P2d 401 (1975), where we held that an employe was constitutionally entitled to a pretermination evidentiary hearing. We also held there that the hearing before a PERB examiner was sufficient to meet due process requirements except that it came too late. We apply that rule here. *See also: Gunsolley v. Bushby,* 19 Or App 884, 529 P2d 950 (1974).

Affirmed.

---

[1] For other discharges applying the "unfitness to render effective service" clause along with other clauses of ORS 240.-155(1), *see* James v. Employment Division, 20 Or App 309, 531 P2d 710, Sup Ct *Review denied* (1975); Joiner v. Public Emp. Relations Bd., 14 Or App 567, 513 P2d 523, Sup Ct *review denied* (1973); Phillips v. State Bd. of Higher Ed., 7 Or App 588, 490 P2d 1005 (1971), Sup Ct *review denied* (1972).