No. 75–1883. UNITED STATES *v.* JACOBS, AKA KRAMER. C. A. 2d Cir. Certiorari granted, judgment vacated, and case remanded for further consideration in light of *United States v. Mandujano*, 425 U. S. 564 (1976). 

MR. JUSTICE STEVENS, concurring.

My original reaction to the proposal to vacate and remand in the light of *United States v. Mandujano*, 425 U. S. 564, was exactly that expressed by MR. JUSTICE MARSHALL in dissent. For as a Circuit Judge I had the experience of trying to decipher similar Delphic orders, and I agree completely that a constitutional holding is not controlling on a question involving nothing more than an exercise of an appellate court's supervisory power. Nevertheless, there is an omission in the Court of Appeals opinion which makes it appropriate for that court to re-examine its holding.

As the concurring opinions by MR. JUSTICE BRENNAN and MR. JUSTICE STEWART in *Mandujano* demonstrate, the fact that the prosecutor may have erred in failing to give a

grand jury witness adequate warnings does not lead inexorably to the conclusion that the witness cannot be prosecuted for perjury. Cf. *United States* v. *Knox,* 396 U. S. 77, 82. The Court of Appeals opinion seems to assume that the conclusion necessarily follows from the premise. Since I think it would be appropriate for that court to address that precise point in the first instance, I acquiesce in the remand.

MR. JUSTICE STEWART, dissenting.

As MR. JUSTICE MARSHALL explains, this order of the Court is little short of irrational. While our heavy caseload necessarily leads us sometimes to dispose of cases summarily, it must never lead us to dispose of any case irresponsibly. Yet I fear precisely that has happened here.

The Court of Appeals to which this case is now remanded cannot but find this order totally incomprehensible.

MR. JUSTICE MARSHALL, with whom MR. JUSTICE BRENNAN and MR. JUSTICE STEWART join, dissenting.

"In the interest of uniformity in criminal procedure within the circuit," the Court of Appeals affirmed the District Court's decision to suppress respondent's grand jury testimony.* The Court of Appeals explicitly disclaimed a constitutional basis for its holding. Its action was taken "pursuant to [its] supervisory function." 531 F. 2d 87, 90 (1976).

There is no reason to expect the Court of Appeals to reach a different result in light of our decision in *United States* v. *Mandujano,* 425 U. S. 564 (1976). Our holding that respondent would not have had a constitutional right to have her testimony suppressed simply has no bearing on a lower court

---

*The Court of Appeals determined that it is the universal practice of United States Attorneys in the Second Circuit to warn a grand jury witness who is the target of an investigation. Respondent was called before the grand jury by a Strike Force attorney operating in the Eastern District of New York but based in Washington. She received no warning.

decision which did not assume the existence of such a constitutional right. And it is clear that the well-established supervisory power of the courts of appeals over the district courts in their respective jurisdictions is not limited to enforcing constitutional rights. See, *e. g., Cupp* v. *Naughten,* 414 U. S. 141, 146 (1973); *Barker* v. *Wingo,* 407 U. S. 514, 530 n. 29 (1972); *United States* v. *Thomas,* 146 U. S. App. D. C. 101, 109–111, 449 F. 2d 1177, 1185–1187 (1971) (en banc); cf., *e. g., Ristaino* v. *Ross,* 424 U. S. 589, 597 n. 9 (1976); *Murphy* v. *Florida,* 421 U. S. 794, 797–798 (1975); *id.,* at 804 (BURGER, C. J., concurring).

Accepting the Government's suggestion that we vacate and remand so that the Court of Appeals can reconsider its decision in light of an irrelevant case is a waste of the time of two courts. I respectfully dissent.