No. 76–1377. Oregon State Penitentiary et al. *v.* Hammer. Sup. Ct. Ore. Certiorari granted, judgment vacated, and case remanded for reconsideration in light of *Dixon* v. *Love,* 431 U. S. 105 (1977).

Mr. Justice Stevens, with whom Mr. Justice Brennan, Mr. Justice Stewart, and Mr. Justice Marshall join, dissenting.

Since *Dixon* v. *Love,* 431 U. S. 105, sheds no light on the issues decided by the Oregon Supreme Court, the Court's disposition of this petition can only be characterized as cavalier.

The respondent, a tenured corrections officer, was discharged without a pretermination hearing; at a post-termination hearing the Public Employee Relations Board decided that the dismissal was proper as a matter of state law. On appeal, the Oregon Supreme Court reversed. Relying on its decision in *Tupper* v. *Fairview Hospital & Training Center,* 276 Ore. 657, 556 P. 2d 1340 (1976), the court concluded that procedural due process required that a tenured employee receive notice of the charges against him and the proposed sanction, as well as an opportunity to respond, before being discharged. It further held that respondent was entitled to backpay and other benefits from the time of his discharge until such time as a proper termination hearing is held, even though the discharge had been upheld at the post-termination hearing.[1]

No decision of this Court is controlling on either the due process issue or the remedy issue decided by the Oregon Supreme Court. In *Dixon* v. *Love, supra,* this Court held that

---

[1] The Oregon Court of Appeals had held that respondent was entitled to a pretermination hearing, but it limited the award of back wages to the period between the date of his dismissal and the date of his subsequent hearing. 23 Ore. App. 743, 543 P. 2d 1094 (1975).

the Illinois regulation providing for the automatic suspension of the license of a driver who had been convicted repeatedly for traffic offenses was constitutionally valid. In so holding, the Court relied on the fact that the driver "had the opportunity for a full judicial hearing in connection with each of the traffic convictions on which the Secretary's decision was based," 431 U. S., at 113; on the fact that the suspension and revocation decisions were "largely automatic" under the Illinois regulations, *ibid.;* and on "the important public interest in safety on the roads and highways, and in the prompt removal of a safety hazard." *Id.,* at 114. None of those factors, decisive in *Dixon,* has any relevance to the issues decided by the Oregon Supreme Court in this case.

Indeed, in *Dixon* the premise for the Court's legal analysis was " 'that something less than an evidentiary hearing is sufficient prior to adverse administrative action.' " *Id.,* at 113, quoting *Mathews* v. *Eldridge,* 424 U. S. 319, 343. Precisely the same premise provided the basis for the legal analysis of the Oregon Supreme Court. The court held that a pretermination evidentiary hearing was not required, but that "something less" was necessary—in this case, fair notice and an opportunity to respond. Whether or not that holding is correct, it is not even arguably inconsistent with either the holding or anything said by this Court in *Dixon.* Nor is there anything in *Dixon* which remotely relates to the question whether the remedy directed by the Oregon Supreme Court was proper.

In my judgment, even assuming that the Oregon Supreme Court has extended greater procedural protection to Oregon residents than the Federal Constitution requires, there is no need for this Court to address those issues until a conflict with the Oregon holding has developed on a national level. But if my judgment in this respect is incorrect, and enlightenment on a nationwide basis is indeed appropriate, surely the Court should provide something more edifying than a cryptic reference to a case as wide of the mark as *Dixon* v. *Love.* This

summary treatment of a carefully reasoned decision of the highest court of the State of Oregon fails to accord proper respect to that tribunal and gives no guidance whatsoever for further proceedings in this litigation. Cf. *United States* v. *Jacobs,* 429 U. S. 909 (STEVENS, J., concurring).[2]

I respectfully dissent.

---

[2] Although four of us disagree with the Court's disposition of this case, the Justices who join this opinion do not insist that the case be orally argued. See *Trinkler* v. *Alabama,* 418 U. S. 917, 918 (BRENNAN, J., dissenting).