Argued March 28, affirmed May 8, reconsideration denied June 14, petition for review denied October 13, 1978

HARRISON, *Respondent,*

*v.*

CENTRAL LINN SCHOOL DISTRICT

No. 552-C, *Petitioner.*

(ERB No. C-152-76, CA 9596)

578 P2d 460

Joe B. Richards, Eugene, argued the cause for appellant. With him on the brief was Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

Robert D. Durham, Eugene, argued the cause for respondent. With him on the brief was Kulongoski, Heid, Durham & Drummonds, Eugene.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

JOHNSON, J.

## JOHNSON, J.

This is an appeal by the School District from an order of the Employment Relations Board (ERB) finding that nonrenewal of respondent teacher's contract by the School District constituted an unfair labor practice under ORS 243.672(1)(a).[1] ERB specifically found that nonrenewal was because of respondent's union activity and ordered reinstatement with back pay.

There are eight assignments of error, most of which relate to questions of fact. The respondent was the bargaining and grievance representative for the teachers' association certified as the bargaining agent with the School District. Petitioner's defense to the unfair labor practice charge was that on two occasions respondent made threats to other teachers, that such threats were not legitimate union activity and were good cause for the nonrenewal of his contract. On one occasion, respondent allegedly threatened to report a teacher to ERB if she violated the collective bargaining contract. On the other occasion, respondent allegedly threatened to bring court action against teachers who were meeting with the Teachers Evaluation Form Committee. Petitioner relies on federal court and National Labor Relations Board decisions to the effect that it is not an unfair labor practice to discharge a union official for threats of violence to other employes, or for on-the-job misconduct wholly unrelated to union activity. *See e.g., NLRB v. Sutphin, Co.-Atlanta, Inc.,* 373 F2d 890 (5th Cir. 1967) (threats of violence); *Borden-Sancken Co.,* 130 NLRB 88 (1961)

---

[1]ORS 243.672(1)(a) provides:

"(1) It is an unfair labor practice for a public employer or its designated representative to do any of the following:

"(a) Interfere with, restrain or coerce employes in or because of the exercise of rights guaranteed in ORS 243.662."

ORS 243.662 provides:

"Public employes have the right to form, join and participate in the activities of labor organizations of their own choosing for the purpose of representation and collective bargaining with their public employer on matters concerning employment relations."

(sexual advances by a union official to another employe).[2] ERB's findings of fact here are to the effect that no threats were in fact made, and that even if respondent's statements were perceived as threats, "the intimidation was accidental and arose out of a mutual misunderstanding." Accepting ERB's findings of fact, respondent's conduct does not even approach the type of misconduct at issue in the cited cases. ERB's findings of fact amply support its conclusion that the nonrenewal constituted an unwarranted interference with legitimate union activity and there is ample evidence to support the findings. The thrust of petitioner's argument on appeal is that we should give greater weight to the evidence contradicting ERB's findings. We do not weigh the evidence, but merely review for substantial evidence. *Hoskinson v. PERB,* 23 Or App 328, 542 P2d 157 (1975).

■ Petitioner also argues that ERB's review is limited to a determination of whether there was substantial evidence to support the School District's action, and that it was error for ERB to hold a de novo hearing. We disagree. ORS 243.676 requires ERB to investigate complaints of unfair labor practices and "[s]et the matter for hearing if the board finds * * * that an issue of fact * * * exists." If as a result of the hearing, "the board finds * * * any person named in the complaint has engaged in * * * any unfair labor practice * * * the board shall: (a) State its findings of fact * * * and "[t]ake such affirmative action * * * as necessary to effectuate the purposes of" the Public Employe's Collective Bargaining Act. The statute contemplates a de novo hearing.

■■ Finally, petitioner argues that ERB's jurisdiction was ousted here because there had been a prior

[2] *See also NLRB v. Fibers International Corp.,* 439 F2d 1311 (1st Cir. 1971) (threats of violence, abusive language); *NLRB v. Monroe Auto Equipment Co.,* 368 F2d 975 (8th Cir. 1966) (employe had a history of tardiness and absence from work area); *NLRB v. Tennessee Coach Co.,* 191 F2d 546 (6th Cir. 1951) (threats of violence and reprisal); *Star-News Newspapers, Inc.,* 183 NLRB 1003 (1970) (threats of violence).

determination by the Fair Dismissal Appeals Board that respondent was a probationary teacher. Under ORS 342.835, the district "may discharge or remove any probationary teacher * * * for any cause deemed in good faith sufficient by the board." In *Central Point Sch. Dist. v. ERB,* 27 Or App 285, 555 P2d 1269, *rev den* (1977), we affirmed ERB's decision that it was an unfair labor practice for a school district to refuse to arbitrate nonrenewal of a probationary teacher's contract in accordance with the arbitration clause of the collective bargaining agreement. We stated:

> "We do not find that this procedural provision [ORS 342.835] in any way reveals the legislature's intent regarding substantive issues such as the arbitrability of disputes over teacher-evaluation procedures. In short, while ORS 342.835 delineates certain general rights of district boards and probationary teachers in the dismissal and nonrenewal context, we must examine other legislation in order to determine whether binding arbitration is a proper means of exercising these rights." 27 Or App at 291.

By the same reasoning, the general rights defined in ORS 342.835 do not limit the specific collective bargaining rights of employes delineated in ORS 243.672(a) and ORS 243.662. The fact that respondent was a probationary teacher did not preclude ERB from finding that his nonrenewal constituted an unfair labor practice.

Affirmed.