## B. N. LEVERICH AND ANN R. LEVERICH, RESPONDENTS, *v.* EMIL FRANK, APPELLANT.

WITNESS—WHAT TESTIMONY NOT ADMISSIBLE TO IMPEACH.—A party being a witness in her own behalf cannot be impeached by a letter written by her to another person, containing language which would indicate she was unchaste.

IDEM—PARTICULAR ACTS NOT ADMISSIBLE.—The moral character of a witness cannot be impeached by showing particular act of immoral conduct.

SLANDER—IN ACTION FOR WHAT ACTS OF DEFENDANT MAY BE PROVEN.—In an action for slander it is proper for the court to charge that the jury could consider the acts and manner of the defendant at the time of speaking the words complained of, both on the question of malice and as to the amount of damages. That the manner and acts of defendant at the time of speaking the words complained of, may be considered to explain the words.

APPEAL from Multnomah County.

The facts are stated in the opinion of the court.

*W. H. Effinger and B. Killen,* for appellant.

*Charles Gardner, A. C. Gibbs and W. B. Gilbert,* for respondent.

By the Court, BOISE, J.:

This is an action for slander for words spoken by defendant, saying that plaintiff Ann R. Leverich was a thief, and other words of like import. The plaintiff recovered a judgment in the court below, and the defendant appeals to this court.

On this trial of this case in the circuit court, plaintiff, Ann R., was a witness. And defendant to show that her moral character was bad, and to show that she was not worthy of belief as a witness, offered in evidence a letter

written by said Ann to a Mr. Russell, which letter defendant claims was such as tended to show that said Ann was unchaste. The court excluded this letter as evidence, and the question is, was this an error. Our statute, page 274, section 830, provides: "A witness may be impeached by contradictory evidence, or by evidence that his general reputation for truth is bad, or that his moral character is such as to render him unworthy of belief, but not by evidence of particular wrongful acts." It is claimed by the appellant that character can be shown under this statute by proving particular wrongful acts, for this letter was, as claimed, a confession of improper intimacy between plaintiff, Ann R., and Russell. Character and reputation are not synonymous terms. Character is what a man or woman is morally, while reputation is what he or she is reputed to be. Yet reputation is the estimate which the community has of a person's character; and it is the belief that moral character is wanting in an individual that renders him unworthy of belief. That is to say that reputation is evidence of character, and if the reputation is bad for truth, or reputation is bad in other respects affecting the moral character, then the jury may infer that the character is bad and the witness not reliable. General character has always been proved by proving general reputation. Mr. Greenleaf says that character can be attacked or supported by proof of general reputation, and particular facts cannot be proven to affect the character of the witness, for the reason that a person is supposed to be able at all times to support his general character by evidence in its support, but is not supposed to be at all times and without notice ready to disprove or explain certain particular acts. (1 Greenl. sec. 461.)

And we think our statute has adopted the same rule (Civ. Code, sec. 830, cited above.) There are also exceptions to the charge of the court to the jury which were argued by the counsel: 1. The court charged the jury, "That they could consider the acts and manner of the defendant at the time of making the charges and speaking the words complained of, both on the question of malice and as to the amount of damages the plaintiff was entitled to recover."

There was evidence which had gone to the jury tending to show that when defendant made the charges and spoke the words complained of, he was excited, and took hold of the plaintiff, and tore from her some cloth fastened to her person. Such evidence being properly before the jury, it was proper for the court to speak of it to the jury, and say to them that it was proper for them to consider it. These acts were a part of the *res gestœ*, and such attendant acts may always be shown to a jury to qualify and explain the principal fact (1 Greenl., sec. 108). That is, acts and manner may be shown to explain words spoken, or words may be shown to explain acts, as in cases of trespass, assault, etc., and we think there was no error in making these statements to the jury. There is another objection to another part of the charge of the court. The court said there may be cases where one extremely selfish, imagining his own interest some way concerned, regardless for the time of the rights of others and of the proprieties of life, will in temporary excitement unjustly and falsely charge another with crime; or there may be cases where one habitually a reckless and careless talker, without any particular ill will falsely charges another with crime. In these cases the law is, that the falsity of the charge raises an implication of malice and it is for the jury to judge of the degree of malice from the evidence.

The evidence having shown the defendant, pretending and perhaps believing that the plaintiff, Ann R., had stolen certain articles from his store accused her of it, and asserting that she had them hid under her dress, attempted to take them from her in an immodest and violent manner, and did take from her certain articles, which she had bought and paid for at other stores. We think the case was such on the evidence as to make the charge of the court in this respect justifiable and pertinent, for the jury on the questions of malice and damages have a right to consider the motives and conduct of the defendant in speaking the words. We have considered all the questions raised by this bill of exceptions and do not find any error.

The judgment of the court below will therefore be affirmed.