Argued October 29, 1962, reversed with instructions January 30,
petition for rehearing denied March 19, 1963

# BAY *v.* STATE BOARD OF EDUCATION
### 378 P. 2d 558

602

*Cecil H. Quesseth,* Special Assistant Attorney General for Oregon, Salem, argued the cause for appellant. On the brief was Robert Y. Thornton, Attorney General for Oregon, Salem.

*Willard K. Carey* and *S. H. Burleigh,* La Grande, argued the cause for respondent. On the brief were Burleigh, Carey & Gooding, La Grande.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Lusk and Denecke, Justices.

PERRY, J.

Dean Norman Bay petitioned the circuit court of Union County for judicial review of the decision of appellant State Board of Education denying him issuance of a five-year elementary teacher's certificate. From the decree of the circuit court reversing the Board's decision for lack of competent evidence, appeal is made to this court.

In December of 1953 petitioner was tried and con-

victed in the state of Washington for his acts of breaking, entering, and grand larceny of several stores, the American Legion Club, and the local high school, committed while employed as a night policeman. At the time these acts were perpetrated, petitioner was 24 years old. After serving 18 months of a two-year sentence, he was paroled. He moved to La Grande, Oregon, where, in the fall of 1956 he enrolled at the Eastern Oregon College of Education. In 1958 the state of Washington restored to him his full civil rights.

In 1960 petitioner was granted a one-year elementary teacher's emergency certificate by the Superintendent of Public Instruction, and taught elementary school while completing his fourth year at the college. Following graduation he applied for a five-year elementary teacher's certificate, but his application was denied on June 14, 1961.

On September 13, 1961 a hearing was conducted before the Board, the primary purpose of which was to determine whether petitioner had furnished the evidence of good moral character which ORS 342.060(2) authorizes the superintendent to require of an applicant. Whereas numerous witnesses appeared at the hearing to testify of petitioner's good character and over-all reputation in the community, the sole evidence of bad character introduced was the record of the prior conviction. The Board concluded that petitioner had not met his burden of furnishing satisfactory evidence of good moral character and he thereupon petitioned the circuit court of Union County for review of the administrative order pursuant to ORS 183.480. The court held that evidence as to a prior conviction was irrelevant and immaterial in determining present character where not accompanied by other evidence

which related the prior act to the present, and therefore adjudged there was no competent evidence to support the Board's findings. The Board was ordered to issue petitioner the certificate, from which order this appeal is taken.

The appeal from the ruling of the Board of Education to the trial court was taken under the provisions of the Administrative Procedures Act, which reads, in part, as follows:

"(6) The review shall be conducted by the court without a jury as a suit in equity and shall be confined to the record, except that, in cases of alleged irregularities in procedure before the agency, not shown in the record, testimony thereon may be taken in the court. The court shall, upon request, hear oral argument and receive written briefs.

"(7) The court may adopt the agency findings of fact and affirm the decision of the agency; or it may reverse and set aside the agency decision, or reverse and remand for further proceedings, after review of all the facts disclosed by the record, and any additional facts established under the provisions of subsection (6) of this section. The court shall thereupon enter its decree. In the case of reversal the court shall make special findings of fact based upon evidence in the record and conclusions of law indicating clearly all respects in which the agency's decision is erroneous." ORS 183.480.

In order to properly discuss the issues presented it is first necessary to discuss the powers of the trial court in reviewing the Board's determination.

■■ While the statute uses the language "as a suit in equity," it is quite clear that this language refers only to the fact that the review shall be made by the court, not a jury, and does not grant to a trial court the

right on appeal to try the cause de novo. That is, the reviewing court is not granted the power to weigh the evidence and substitute its judgment as to the preponderance thereof for that of the agency. The extent to which a reviewing court should review the action of an administrative agency has been expressed by this court, as follows:

> "* * * Generally, they go no further than to determine whether the agency (1) acted impartially; (2) performed faithfully the duties delineated in the legislative acts which conferred jurisdiction upon it; (3) stayed within its jurisdiction; (4) committed no error of law; (5) exercised discretion judiciously and not capriciously; and (6) arrived at no conclusion which was clearly wrong." *Richardson v. Neuner*, 183 Or 558, 564, 194 P2d 989.

The learned trial court recognized these guide posts and reached the conclusion that the finding of the Board as to lack of good moral character could not be sustained by the record. This conclusion of the court is based upon a finding that there was no evidence of bad moral character at the time of application and therefore the Board's conclusion was clearly wrong.

■■■ Whether or not the Board arrived at a conclusion which was clearly wrong depends upon whether a review of the entire record discloses any facts from which the conclusion drawn by the Board could be reached by reasonable minds. *NLRB v. Columbian Enameling & Stamping Co.*, 306 US 292, 83 L Ed 660. There must be evidence that is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 US

197, 83 L Ed 126. These thoughts are contained in and usually expressed as the "substantial evidence rule." Cf Davis Administrative Law Treatise, Vol 4, § 29.02.

■ The Board made the following findings of fact which are pertinent to this appeal:

"1. That the applicant on December 9, 1953, was convicted of grand larceny on four counts in the Superior Court for Klickitat County, State of Washington and received a one to fifteen-year sentence by the said Court. That thereafter this sentence was fixed at a term of two years by the State Board of Terms and Parole of the State of Washington, and the applicant served an eighteen-month term at the Monroe Reformatory in the State of Washington.

"2. Thereafter upon his release he was placed on parole for approximately a year and moved to the City of La Grande, Oregon, and in the fall of 1956 entered the Eastern Oregon College of Education and enrolled in a teacher education course.

"3. That by act of the Governor of the State of Washington full civil rights were restored to him on July 3, 1958.

"* * * * *

"8. The Board further finds the offenses committed by Mr. Bay consisted of breaking and entering various stores in Goldendale, Washington and grand larceny, and included safe burglaries at the American Legion Club, the Goldendale High School. That at the time he committed the offenses for which he was imprisoned he had reached the age of 24 years; that his offenses numbered not one but several; that he was a man of superior intelligence as evidenced by his scores on intelligence tests in his subsequent college record.

"9. The Board further finds that at the time of the thefts he occupied a position of trust as a night policeman in the community and that while so engaged he committed the acts resulting in his conviction.

"10. That a teacher in a public school is the key factor in teaching by precept and example the subjects of honesty, morality, courtesy, obedience to law, and other lessons of a steadying influence which tend to promote and develop an upright and desirable citizenry, as required by ORS 336.240 and related statutes.

"11. That there has been no evidence submitted to the Board of any violations of law or deviations from normally considered moral conduct from the time of his release from the Monroe Reformatory to the present time."

The Board then made the following conclusions of law:

"1. That the applicant has not furnished evidence of good moral character deemed satisfactory and necessary by the Board to establish the applicant's fitness to serve as a teacher."

In resolving the question of moral character there must be kept in mind the distinction between character and reputation. "Character is what a man or woman is morally, while reputation is what he or she is reputed to be." *Leverich v. Frank*, 6 Or 212; *State v. Sing*, 114 Or 267, 229 P 921.

"A person's 'character' is usually thought to embrace all his qualities and deficiencies regarding traits of personality, behavior, integrity, temperament, consideration, sportsmanship, altruism, etc. which distinguish him as a human being from his fellow men. His disposition toward criminal acts is only one of the qualities which constitute his character. The statute subjects an applicant's 'character' to scrutiny by the Commission; in the absence of a legislative directive to the narrow interpretation advanced by plaintiffs, courts must give to words their commonly understood definitions and in this case 'character' certainly embraces involvement in the litigation proved against the plaintiffs and their disposition not to be ingenuous and truth-

ful concerning it." *Mester v. United States,* 70 F Supp 118, 122; Aff 332 US 749, 68 S Ct 70, 92 L Ed 336; Rehearing denied 332 US 820, 68 S Ct 150, 92 L Ed 397.

Since the crux of the question before the Board was good moral character, the fact that he had been guilty of burglarizing properties while he held a position of trust was most pertinent. These actions of petitioner clearly evidenced a lack of the moral fiber to resist temptation. The trial court therefore erred in holding there was no evidence of lack of good moral character.

The petitioner offered numerous witnesses from which a conclusion might properly be reached that this lack of moral fiber no longer exists. However, this condition, having been shown to have existed, it became a matter of judgment as to whether it had been overcome.

The power to decide such an issue was delegated by the legislature to the Board of Education, therefore, as previously pointed out, the courts are not permitted to substitute their judgment for that of the Board where there is substantial evidence to support the agency.

The judgment of the trial court is reversed with instructions to enter findings of fact and conclusions of law sustaining the action of the Board of Education.

GOODWIN, J., specially concurring.

I concur in the majority's statement of applicable law. The opinion, however, should not be understood as a tacit approval of the administrative proceedings which resulted in the appeal to the circuit court. I do not believe the State Board of Education followed either the statutes or its own rules (III-C-5-a-(3) and

III E)<sup>①</sup> which have to do with the conduct of hearings. As I read the applicable statutes, the original decision was for the Superintendent of Public Instruction to make. ORS 342.060 (2). Any hearing under ORS 183.410 should have been before the superintendent and not before the State Board of Education. The state board has certain hearing functions under ORS 342.180, but this section has no application to the case at bar. Another section, ORS 342.170, provides for a review committee, which may have an advisory function in the granting of certificates upon original application. However, the function of this committee does not appear to have been invoked. The only statutory provision I have found under which a hearing would have been appropriate is that of the declaratory-ruling section of the administrative procedures act, ORS 183.410. Under that section, the superintendent is the "agency" required to hold the hearing. See ORS 342.015; 342.060.

If the correct procedure had been followed at the administrative level, the trial court probably would not have been led into the error of treating the view of the State Superintendent of Public Instruction as

---

<sup>①</sup> Rule III-C: "5. Institution of declaratory ruling. (ORS 183.410).

"a. A hearing may be instituted by:

"*　*　*　*　*

"(3) Petition for review by any person who has had a license summarily revoked, denied or renewal thereof refused by the Board or Superintendent.

"*　*　*　*　*."

Rule III-E: "Conduct of hearing

"Hearings before the Superintendent shall be conducted by him personally, and hearings required to be heard before the Board shall be conducted by the Chairman of the Board, or in his absence, the Vice-chairman, or a member of the Board elected by the majority of the members present at the meeting to serve as temporary chairman."

the mere opinion of a witness in the case. The views of the superintendent were, indeed, the final decision of the only agency having any authority in the matter, and should have been considered accordingly. If that officer acted arbitrarily, and without cause, there would be a case for judicial review. We have held there was no such abuse of power. While the net result might have been the same, correct administrative procedure no doubt could have saved the state and the private litigant both time and money.

On the merits, I concur fully in the views expressed in the majority opinion.