Argued May 20, affirmed June 11, 1974

WOOD ET AL (No. 74-704), *Petitioners, v.*
MORGAN ET AL, *Respondents.*

SWANSON ET AL (No. 74-703), *Petitioners, v.*
POINT ADAMS PACKING COMPANY ET AL,
*Respondents.*

VANDERVORT ET AL (No. 74-702), *Petitioners, v.*
BIOPRODUCTS, INC. ET AL, *Respondents.*

523 P2d 572

*Hayes Patrick Lavis,* Astoria, argued the cause for petitioners. With him on the brief were Anderson, Fulton, Lavis & Van Thiel, Astoria.

*Jeanyse R. Snow,* Astoria, argued the cause for respondents Bumble Bee Seafoods and Bioproducts, Inc. With her on the brief were MacDonald, Dean, McCallister & Snow, Astoria.

No appearance by respondent Ross Morgan.

No appearance by respondent Point Adams Packing Company.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

These appeals are from decisions of the Employment Division Appeals Board. They modified and affirmed in parts decisions of the Appeals referee denying unemployment benefits to the petitioners under requirements of ORS 657.200. The petitioners, members of Seafood Workers Local P-554, were em-

ployed by respondent companies, members of the Columbia River Salmon and Tuna Packers Association.

On May 1, 1973 a contract between the union and the association expired. Negotiations on a new contract had begun on April 17. Negotiations continued after the expiration date, and on May 7 a strike notice was served on employers. Under the terms of the previous contract, the union was required to give a 96-hour notice to allow a cleanup of the fish on hand.

After May 11 regular operations were stopped. They reached agreement on a new contract June 15, and June 16 was the first regular day of operation since the strike began.

In accordance with provisions of the previous contract, the union allowed selected workers, chosen by seniority, to unload a tuna schooner during the strike because it was en route when the strike was called.

After the strike notice had been given, employers placed their employes "on call," either by written notice to such effect on their bulletin boards, or by word of mouth from the foremen and floor ladies. This meant that the employes were laid off by the employers.

The petitioners, so far as this dispute is concerned, were denied unemployment benefits under that part of ORS 657.200 which provides disqualification for such benefits if the unemployment "is due to a labor dispute which is in active progress at the factory * * *." The petitioners asked for hearings before an Appeals referee after the administrator ruled against their claims.

By the referee's decision all employes of Bumble Bee Seafoods were denied benefits, except for one named Kemmerer. The Appeals Board affirmed this decision.

By the referee's decision two employes of Point Adams Packing Company received benefits, which had already been allowed by the administrator, and all of the rest of them were allowed benefits for a limited part of the time for which they had petitioned. The administrator's decision was thus modified as to all but two of these employes. The Appeals Board changed this decision so that as to "[a]ll claimants who are subject to review" their claims were denied for the entire period claimed.

By the referee's decision all employes of Bio-products, Inc., were refused compensation, which was an affirmance of the administrator's determination. The Appeals Board affirmed this decision.

The petitioners presented evidence to the referee seeking to establish that there was no work available for them in the period May 6 through June 16, despite the strike. The unavailability of work would have entitled them to unemployment benefits. They also sought to establish that the employers took advantage of the strike to keep petitioners from collecting unemployment benefits.

The Appeals Board found, as a fact, that if the strike had not occurred during May 12 to June 16, there would have been sufficient work available for petitioners during this period.

The petitioners contend this finding of fact is not based on sufficient evidence.

This court cannot substitute its fact judgment for that of the Appeals Board. ORS 183.480 (6-8). The Appeals Board findings are binding on us if they are supported by "substantial evidence." *Scoggins/Yost/ Strong v. Morgan,* 11 Or App 502, 506, 503 P2d 509 (1972). *See also Henzel et al v. Cameron et al,* 228 Or 452, 365 P2d 498 (1961). Substantial evidence is "such proof as a reasonable mind would employ to support a conclusion." *Henzel et al v. Cameron et al,* supra, 228 Or at 464. *Edison Co. v. Labor Board,* 305 US 197, 59 S Ct 206, 83 L Ed 126 (1938); *Bay v. State Board of Education,* 233 Or 601, 605, 378 P2d 558, 96 ALR2d 529 (1963).

In arguing the facts, petitioners contend that the respective employers were shown by the evidence to have had insufficient fish on hand or available at the time of the strike to maintain an entire work force.

Officials of Bumble Bee testified that it had an optimum of 2,500 tons of frozen fish in storage for processing at the time the strike started and 1,033 tons of fish en route in a schooner which was unloaded at the plant during the strike. They testified this was more than enough fish to work their usual operation during the entire period.

Some contention was made that the fish Bumble Bee had on hand could not be processed because it contained a higher mercury content than federal health regulations allow. However, management witnesses directly and factually refuted this claim.

Petitioners contend that Point Adams used the strike as an excuse to stop canning snow crab, which was unprofitable. An official of Point Adams testified that it had enough product (salmon and repacking

of snow crab already picked) on hand to work the entire period.' Petitioners did not present any facts to refute this.

Some women employes of Point Adams were not called back to work immediately after the strike, but Point Adams officials directly testified that if the strike had not occurred there would have been work for petitioners during the entire strike period. No factual evidence disputed this assertion.

Petitioners contend that, because Bioproducts moved two union employes to management and they kept on working throughout the strike, its intention must be interpreted as one of keeping its work going during the strike. However, the fact that the management employes were minimal in number compared to union employes belies the argument. Additionally, Bioproducts plant manager presented cogent evidence that management traditionally had been promoted from the ranks in that operation. Bioproducts also presented evidence that it had more than enough frozen products on hand and available for processing during the entire strike, and that when it learned employes were applying for unemployment compensation, it called some of them and informed them it had work available.

■ The evidence we have reviewed illustrates that the administrative decisions are based on substantial evidence.

■ The second assignment of error is that ORS 657.200 is unconstitutional, in that it does not bear a rational relationship to a valid state purpose and creates unreasonable classifications between all other unemployed persons and those engaged in labor disputes. This argument was considered and rejected in

*Scoggins/Yost/Strong v. Morgan,* supra, 11 Or App at 502, 511-12.

Counsel made a request for us to consider a matter concerning payments to employes who were on vacation or sick leave at the time the strike was called. We find no such issue in the record and therefore decline such consideration.

Affirmed.