Argued December 18, 1975, affirmed January 19, 1976

# KRISTENSEN et al, *Appellants,*
*v.*
# CITY OF EUGENE PLANNING COMMISSION et al, *Respondents.*
# (No. 75-0206, CA 4710)
544 P2d 591

*Merwin C. Logan,* Springfield, argued the cause and filed the brief for appellants.

*John B. Arnold,* Eugene, argued the cause for respondent City of Eugene Planning Commission. With him on the brief were Stanton F. Long and Johnson, Johnson & Harrang, Eugene.

*Mark P. O'Donnell,* Portland, argued the cause for respondent Briarwood Associates. With him on the brief was Thomas A. Gerber, Portland.

Mark P. O'Donnell, and Thomas A. Gerber, Portland, filed the brief amicus curiae for Mobile Home Dealers Association.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

This writ of review proceeding is a challenge to a conditional use permit issued by the Eugene Planning Commission to respondent Briarwood Associates. The plaintiffs, who own property near Briarwood's, appeal from a circuit court judgment upholding the commission's action.

We have previously distinguished the procedural and substantive rules of *Fasano v. Washington County Comm.,* 264 Or 574, 507 P2d 23 (1973). *See, Auckland v. Bd. of Comm. Mult. Co.,* 21 Or App 596, 536 P2d 444, Sup Ct *review denied* (1975). And we have held the procedural requirements announced in that case to be applicable when a local government entertains an application for a conditional use permit. *Rockway v. Stefani,* 23 Or App 639, 543 P2d 1089 (1975); *Auckland v. Bd. of Comm. Mult. Co.,* supra. There is no question of procedural compliance in this case; instead, the issue is to what extent the substantive rules of *Fasano,* announced in the context of a zone-change case, are applicable in a conditional-use-permit case.

The facts are relatively simple. Briarwood owns property zoned RA Suburban Residential. Mobile home parks are a conditional use in that zone. Briarwood applied for and, after a series of hearings, ultimately obtained a conditional use permit, subject to numerous conditions and limits, to construct a mobile home park on its property.

Plaintiffs contend that Briarwood failed to establish the substantive requirements of *Fasano.* These requirements are: (1) "the change is in conformance with the comprehensive plan"; (2) "there is a public need for a change of the kind in question"; and (3) the public need is best met by the proposed change "as compared with other available property." 264 Or at 583-84.

(1) The Comprehensive Plan.

*Fasano,* and *Baker v. City of Milwaukie,* 271 Or 500, 533 P2d 772 (1975), establish that all zoning actions have to be consistent with the local comprehensive plan. This would apply to granting of conditional use permits as much as to any other zoning action.

*Fasano* also holds that the burden of proving compliance with the comprehensive plan is on the proponent of change (for present purposes, the applicant for a conditional use permit), at least to the extent such a determination would be based on proof of facts.[1]

The plaintiffs here make the blunderbuss assertion that Briarwood failed to prove compliance with the comprehensive plan. Plaintiffs cite no provision of the comprehensive plan that will allegedly be violated by Briarwood's mobile home park. Plaintiffs do not indicate what evidence that Briarwood should have produced that it did not produce. Apparently, plaintiffs expect us to sift through a lengthy comprehensive plan and a voluminous record to determine compliance or non-compliance.

We decline to do so. In this writ of review proceeding plaintiffs are, in effect, appealing from the adverse determination of the Eugene Planning Commission. As in other appellate situations, it is incumbent upon them to indicate with reasonable specificity what errors they claim the planning commission made. At a minimum, reasonable specificity here should include at least a citation to the parts of the comprehensive plan allegedly violated by the proposed mobile home park. Not having done so, plaintiffs present nothing for our consideration.

---

[1]Frequently, the question of compliance with the comprehensive plan will be in whole or in part a question of law, not fact. *See, Green v. Hayward,* 23 Or App 310, 542 P2d 144 (1975); *Duddles v. City Council of West Linn,* 21 Or App 310, 535 P2d 583, Sup Ct *review denied* (1975). It makes little sense to assign a "burden of proof" on legal questions.

(2) Public Need.

In providing that mobile home parks are a conditional use in the RA Suburban Residential zone, the Eugene zoning ordinance constitutes a legislative determination that there is some possible public need for such a use of Briarwood's property. Intoning only the language of *Fasano,* plaintiffs contend Briarwood should have been required to prove public need over and above that already recognized in the zoning ordinance.

We disagree. *Fasano* involved a zone change, i.e., a deviation from the prior legislative judgment of public need for the various uses of property. By contrast, a conditional use is a permitted use, albeit not outright permitted; "the granting of an application for a conditional use does not constitute a deviation from the [zoning] ordinance but is in compliance with it." *Archdiocese of Port. v. Co. of Wash.,* 254 Or 77, 83, 458 P2d 682 (1969); *see also, Bergford v. Clack. Co./Trans. Serv.,* 15 Or App 362, 515 P2d 1345 (1973). Because of this fundamental difference between changing zoning and approving a conditional use, we conclude that the designation of a use as conditional in a zoning ordinance is sufficient proof of public need for such a use.

But public need is not the end of the inquiry. Adapting the spirit of *Fasano* to the present situation, we hold that the applicant for a conditional use permit must bear the burden of proving that the proposed conditional use does, in fact, reasonably meet the need recognized by the zoning ordinance.[2]

---

[2]Of course, local governments are free to impose other evidentiary burdens on an applicant for a conditional use permit. Eugene has done so in section 9.702 of its zoning ordinance. The local officials' decision here reviewed applied the requirements of section 9.702 to the evidence and concluded in part:

> "The location, size, design and operating characteristics of the proposed development are such, that under the conditions imposed, it will be reasonably compatible with and will have minimal impact upon the livability and appropriate development of abutting properties in the surrounding neighborhood."

This kind of finding appears to be consistent with—and perhaps just another way of stating—the rule we here adopt: that the proposed conditional use must reasonably meet the need recognized in the zoning ordinance.

■ Applying that standard in light of our scope of review as delineated in *Dickinson v. Bd. of County Comm.,* 21 Or App 98, 533 P2d 395 (1975), we conclude there is evidence to support the planning commission's at least implicit finding, *see* n 2, supra, that Briarwood's proposed mobile home park does reasonably meet the need recognized by the Eugene zoning ordinance.

(3) "Compared With Other Available Property."

This aspect of *Fasano* would apply if, for example, there were a proposal to change zoning from residential to industrial; then it would be an important factor, in assessing the general welfare, to consider whether and the extent to which other avilable property was already zoned industrial, but not being so used.

■ There is no way this kind of analysis can be meaningfully applied in the present situation. Although mobile home parks are a conditional use in several zones under the Eugene zoning ordinance, mobile homes are not an outright permitted use in *any* zone. Thus, for present purposes there simply is no "other available property" to be compared with Briarwood's proposal, or anything else for that matter. We conclude the Supreme Court could not have intended this aspect of *Fasano* to be applicable in this kind of situation.[3]

Affirmed.

---

[3]If other property were available where a certain use was permitted outright, that might be a factor to be considered in deciding whether to allow that use as a conditional use in a different zone.