Argued December 18, 1975, reversed February 23, reconsideration denied
March 31, petition for review denied May 11, 1976

BRAIDWOOD et al, *Respondents,*
*v.*
CITY OF PORTLAND et al, *Appellants.*
(No. 399-418, CA 4873)
546 P2d 777

*Thomas R. Williams,* Senior Deputy City Attorney, Portland, argued the cause for appellants. With him on the briefs was John W. Osburn, City Attorney, Portland.

*Louis J. Fasano,* Portland, argued the cause for respondents. With him on the brief were Lovett, Stiner & Fasano; P.C., Portland.

Before Fort, Presiding Judge, and Thornton and Lee, Judges.

FORT, P. J.

**FORT, P. J.**

In this writ of review proceeding the trial court held that the Portland City Council's denial of plaintiffs' requested zone change was not supported by reliable, probative and substantial evidence. Defendant City appeals from the court's order setting aside the council's action and directing that the City grant the zone change. It asserts that the council's findings were supported by the required quantum of evidence.

Plaintiffs requested a zone change for 2.7 acres from A2.5 (apartment residential zone) to C2 (general commercial zone), later changing their request to part C2 and part C2B (general commercial with a buffer zone). They proposed extending their existing shopping center, which was zoned C2, onto this adjacent land. Their various proposals were considered several times, first by the planning commission, which recommended against granting the change, and then by the city council. After a lengthy hearing, the latter voted unanimously against allowing the change.

Plaintiffs sought review in the circuit court, which first directed the city council to make adequate findings of fact. After the council complied, the court heard argument, decided that the findings of fact were not supported by reliable, probative and substantial evidence, and reversed the city council's decision.

In writ of review proceedings, the scope of review of findings of fact made by the lower tribunal are limited to whether they are supported by reliable, probative and substantial evidence, ORS 34.040, the focus in essence being on the existence of substantial evidence. *Western Amusement v. Springfield,* 21 Or App 7, 533 P2d 825 (1975), *aff'd* 274 Or 37, 545 P2d 592 (1976). This scope of review is in accord with limits placed on court review of zoning decisions by *Fasano v. Washington Co. Comm.,* 264 Or 574, 507 P2d 23 (1973). *Dickinson v. Bd. of County Comm.,* 21 Or App 98, 100, n 1, 533 P2d 1395 (1975). It is similar to

review of administrative contested case hearings under ORS 183.480(7)(d). *Western Amusement; Dickinson.* Substantial evidence consists of evidence which a reasonable mind could accept as adequate to support a conclusion. *Bay v. State Board of Education,* 233 Or 601, 605, 378 P2d 558, 96 ALR2d 529 (1963); *Wood v. Morgan,* 17 Or App 579, 583, 523 P2d 572 (1974). The reviewing court here thus is not to substitute its judgment for that of the city council or to determine which side has presented the greater weight of evidence, but is simply to decide whether the record contains substantial evidence to support the decision. *Auckland v. Bd. of Comm. Mult. Co.,* 21 Or App 596, 536 P2d 444, Sup Ct *review denied* (1975); *S. Cen. Assn. of Neighbors v. Lindsey,* 21 Or App 578, 535 P2d 1381 (1975).

■  We have reviewed the evidence in the city council proceedings and conclude that there is substantial evidence in the record to support its findings of fact and decision denying the change. It is clear from the findings that the council necessarily concluded that respondents, applicants for the zone change, had failed to carry the burden of proof necessary to establish their entitlement to a zone change. It is elementary that an applicant for change of zone has the burden of establishing entitlement thereto. *Fasano,* 264 Or at 586; *S. Cen. Assn. of Neighbors,* 21 Or App at 584-85.

■  *Fasano* requires three substantive conditions be met in order to allow a zone change: (1) the change conforms with the comprehensive plan; (2) there is a public need for the change; and (3) the public need is best met by the proposed change on the proposed piece of land. *Kristensen v. City of Eugene Plan. Comm.,* 24 Or App 131, 544 P2d 591 (1976).

There has been much dispute in this case over whether the City has a comprehensive plan for the area of the proposed shopping center. The City concedes that it does not; defendants contend that there is

one but we find no evidence of its existence or its content in the record, which reveals only a single unsupported assertion by counsel in argument before the city council. Therefore, the above requirement that an application for a zone change comply with the comprehensive plan is not here met. ORS 227.175(3)[1] requires that in the absence of a comprehensive plan, a decision by a city on a request for a change in zoning requires that the proposed use "be in compliance with generally accepted land use planning standards." We conclude that the findings of fact, adverse to defendants, are sufficiently in accord with generally accepted land use standards to meet that statutory requirement, and are supported by substantial evidence.

The council's determination that no public need was demonstrated for the proposed commercial development was also supported by the testimony relating to the need for the present buffer zone, the enhanced traffic hazards which would flow from the change, and evidence, though conflicting, that the area was adequately served by the existing commercial zoning. The proposal therefore does not meet the second requirement set out in *Kristensen.*

Reversed.

---

[1] ORS 227.175(3):

"The application shall not be approved unless the proposed use of land would be in compliance with the comprehensive plan for the city or, if no comprehensive plan has been adopted for the city, unless the proposed use would be in compliance with generally accepted land use planning standards. The approval may include such conditions as are authorized by ORS 227.230 and any ordinances, rules or regulations adopted pursuant thereto and necessary to carry out the comprehensive plan, if any, adopted for the city."