Argued February 25, affirmed April 5, 1976

COLEE et al, *Petitioners,*

*v.*

EMPLOYMENT DIVISION et al, *Respondents.*

(No. 75-AB-840, CA 5268)

548 P2d 167

*Donald S. Richardson,* Portland, argued the cause for petitioners. On the brief were James W. Kasameyer and Richardson & Murphy, Portland.

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause and filed the brief for respondent Employment Division. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

No appearance for respondent Woodland Park Hospital, Inc.

Before Schwab, C. J. and Foley and Lee, Judges.

LEE, J.

**LEE, J.**

Claimants appeal the decision of the Employment Appeals Board finding them ineligible for unemployment compensation for the period of May 4 to June 28, 1975.

The Board modified the decision of the referee who found that the claimants were disqualified for the period of May 4 to June 14, 1975 and June 22 to June 28, 1975, but were not disqualified for the period of June 15 to June 21, 1975.

The issue is: Did the unemployment of the claimants, who were on strike, cease being "due to a labor dispute which is in active progress," as provided in ORS 657.200(1),[1] after claimants were permanently replaced by the employer? The Board answered this question in the negative. We agree.

Claimants were members of a nurses' union. Their collective bargaining agreement with the employer expired January 27, 1975. Claimants and other employes went on strike beginning May 9, 1975. By May 19, 1975 the employer had permanently replaced all of the claimants. Between May 13 and May 19, the employer notified each of the claimants as follows:

> "This is your notification that effective May 19, 1975, we have arranged to permanently replace you in your position at the hospital.
>
> "In the event you unconditionally offer to return to work and there still are available positions that you are qualified to perform, you will be permitted to return to work, based on your length of service. * * *"

Accompanying this notice was a personnel action form informing the claimants they were permanently replaced and that accrued benefits were being paid up to the effective date of permanent replacement.

---

[1] ORS 657.200(1) provides:

"An individual is disqualified for benefits for any week with respect to which the administrator finds that his unemployment is due to a labor dispute which is in active progress at the factory, establishment or other premises at which he is or was last employed or at which he claims employment rights by union agreement or otherwise."

[ 41 ]

At the last negotiating session on May 19, the employer stated that it would not negotiate on the issue of reemploying employes who had been permanently replaced. The referee found that the last permanent replacement was hired June 24, 1975.

On June 6, claimants' collective bargaining agent voted to end the strike and the employer was so notified by a letter dated June 9. However, picketing continued until June 23 in which all the claimants, except Colee, participated. Effective July 1, all claimants ceased being eligible for the employer's medical insurance plan.

In July, the employer asked the claimants whether they were willing to return to work, *if* work was available. They indicated they would be willing to return to work. There is no evidence that any of the claimants made any previous effort to return to work.

The Board found that claimants were disqualified under the "labor dispute" provision of ORS 657.200(1).

Our review is to ascertain whether the decision of the Board is supported by "substantial evidence." *Wood v. Morgan,* 17 Or App 579, 583, 523 P2d 572 (1974), ORS 657.282,[2] and ORS 183.482(8)(d).[3]

In this case, there is substantial evidence that the claimants' unemployment was due to a labor dispute in active progress. *First,* the claimants did not affirmatively demonstrate their willingness to return to work until after the June 28 date involved in this appeal.

[2] ORS 657.282 provides:

"Judicial review of decisions under ORS 657.275 shall be as provided for review of orders in contested cases in ORS 183.310 to 183.500, except that the petition shall be filed within 20 days after the order is final. The administrator may file petition for judicial review in accordance with this section from decisions of the Employment Appeals Board."

[3] ORS 183.482(8)(d) provides:

"The court may affirm, reverse or remand the order. The court shall reverse or remand the order only if it finds:

"* * * * *

"(d) The order is not supported by substantial evidence in the whole record."

[ 42 ]

*Second,* picketing continued until June 23. Thus, the Board's decision meets the "substantial evidence" test.

Claimants' reliance on *Skookum Co., Inc. v. Employment Div.,* 24 Or App 271, 545 P2d 914 (1976) is misplaced. In *Skookum,* we held that a "labor dispute" ended when picketing stopped and claimants took affirmative action to "show up" for work.

To qualify for unemployment compensation while picketing continues, a claimant who has been permanently replaced must further show that: (1) he has unilaterally abandoned the strike and (2) he has affirmatively sought reemployment. None of the present claimants qualify under that standard.

Affirmed.