Submitted November 18, affirmed December 13, 1976

DESLER et al, *Appellants,*

*v.*

LANE COUNTY BOARD OF
COMMISSIONERS et al, *Respondents,*
STATE ex rel HIGHWAY DIVISION,
*Intervenor-Respondent.*
(No. 75-5052, CA 6310)

557 P2d 52

William G. Wheatley, and Jaqua & Wheatley, Eugene, filed the brief for appellants.

No appearance for respondents Lane County Board of Commissioners and Don M. Penfold, Lane County Clerk.

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem, filed the brief for Intervenor-Respondent.

Before Schwab, Chief Judge, and Fort and Tanzer, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

This writ of review proceeding challenges a conditional-use permit issued by the Lane County Board of Commissioners to the Highway Division of the Department of Transportation. The permit authorizes the Division to remove and process sand, gravel and rock products from land located adjacent to a borrow pit from which the Division is already entitled to excavate gravel. The existing pit covers much of a state-owned 10-acre tract. The permit concerns an adjoining tract of approximately 40 acres which the state has an option to purchase; the Division wants to expand its excavation operations onto the 40 acres. When applying for the permit, the Division offered to convert the entire 50 acres into a public park by December 31, 1980. Thereafter, the board granted the permit, subject to the condition that the proposed park be developed. Petitioners, who own property near the excavation site, appeal from a circuit court judgment upholding the board's action.

Petitioners contend that: (1) the permitted conditional use does not conform to the county's comprehensive plan; (2) the permitted use will adversely affect abutting properties; (3) that the board's decision is not supported by adequate findings; and (4) that one of the board's findings of fact is not supported by substantial, reliable and probative evidence.

The 40-acre tract in question is designated "agricultural" in the county's comprehensive plan. In implementing the plan, the board zoned the 40 acres F-F 20 (Farm-Forestry). In F-F 20 zones, both parks and "[r]ock, sand [and] gravel * * * excavations * * * with incidental processing" are permitted conditional uses. Therefore, if the uses conditionally permitted by the zoning ordinance are not prohibited in areas designated "agricultural" in the plan, the conditional-use permit is not contrary to the plan. *See Baker v. City of Milwaukie,* 271 Or 500, 533 P2d 772 (1975).

[ 711 ]

In the plan here involved the "agricultural" designation has no rigid meaning. The plan text states that the designation denotes land "primarily reserved for agricultural and related activities," although "some localized areas * * * may be considered as 'rural.' " Eugene-Springfield Metropolitan Area 1990 General Plan at 18 (1972). A rural classification contemplates a variety of uses ranging from open space to low density residential. Eugene-Springfield Metropolitan Area 1990 General Plan, supra. In *Green v. Hayward,* 275 Or 693, 552 P2d 815 (1976), which involved the same plan at issue in this case, the Supreme Court held that the plan was not violated by a board decision to apply an M-3 (heavy industrial) zone classification to land designated "agricultural" in the plan. It follows that a zone classification which conditionally permits gravel operations and parks is not contrary to the plan.

Petitioners' second contention is premised upon Lane County Ordinance 10.320-20, which reads in relevant part:

"A conditional use permit may be granted only if the proposal * * *

"* * * * *

"(2) * * * will not adversely affect the livability or appropriate development of abutting properties * * *."

The board specifically found that granting the conditional-use permit would not violate the ordinance in question. Contrary to the thrust of petitioners' second contention, there is evidence in the record supporting the board's finding.

Petitioners' third contention relates to the adequacy of the board's findings. In *Kristensen v. Eugene Planning Com.,* 24 Or App 131, 544 P2d 591 (1976), we indicated that in cases such as this we look to see whether the findings reveal that the proposed conditional use does, in fact, reasonably meet the standards of the zoning ordinance. 24 Or App at 135-36.

Here, the ordinance recognizes a potential need to place gravel operations or parks in agricultural areas.

The ordinance also acknowledges that these uses can only be permitted if they will "not be unreasonably incompatible with the type of uses permitted in surrounding areas * * *." See Lane County Ordinance 10.320-05. We therefore turn to the board findings, which state:

"1. The subject property is adjacent to a former borrow pit which the applicant is entitled to continue excavation of without approval of Lane County (Lane Code 10.305-40).

"2. Expansion of the existing borrow pit into the subject property will allow Lane County to establish operational and rehabilitation requirements to minimize adverse effects of the use.

"3. The existing borrow pit and subject property are well located to supply material for this reconstruction of Highway 99N. As such, utilization of material from this source will help enable construction of this public works with economical expenditure of public funds."

Finding 1 says that the proposed use is not "unreasonably incompatible" with surrounding areas. We read finding 2 as saying that granting this permit will result in the creation of a public park. Finding 3 says that the use sought will serve the need recognized by the zoning ordinance. The findings are therefore adequate because they demonstrate that the ordinance's standards for granting the conditional-use permit have been met.

Petitioners also contend that the board's third finding is not supported by substantial, reliable and probative evidence. We disagree. An engineer from the highway division estimated that use of the site in question would save $.25 per cubic yard hauled. Petitioner Desler testified that he doubted such savings would be realized. A conflict in evidence such as we have here necessarily means that there is evidence to support the finding. *Von Weidlein/N.W. Bottling v. OLCC*, 16 Or App 81, 101-02, 514 P2d 560, 515 P2d 936, 517 P2d 295 (1973).

Affirmed.