Argued December 20, 1976, affirmed February 28, reconsideration denied April 6, petition for review denied June 6, 1977

CHRISTIAN RETREAT CENTER, *Appellant,*

*v.*

THE BOARD OF COUNTY COMMISSIONERS FOR WASHINGTON COUNTY, *Respondent.*

(No. 36-188, CA 6306)

560 P2d 1100

Larry A. Brisbee, Hillsboro, argued the cause for appellant. With him on the brief was Schwenn, Bradley and Batchelor, Hillsboro.

Gregory S. Hathaway, Assistant County Counsel, Hillsboro, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Lee and Tanzer, Judges.

LEE, J.

**LEE, J.**

In this writ of review proceeding plaintiff Christian Retreat Center, a nonprofit corporation, appeals from an order of the Circuit court affirming the denial by the Washington County Board of Commissioners of its application for a conditional use permit. Plaintiff, the contract purchaser of a 3.89-acre parcel of land located within an area zoned "RU-4," essentially a single-family residential district, applied for a "church and accessory use" conditional use permit—Washington County Community Development Ordinance, § 1908-9—seeking authorization to construct a second dwelling on its property and to utilize that property as (1) a "retreat center" available to groups of up to 30 persons wishing to conduct meetings or services of a religious nature; (2) a religiously oriented summer vacation day camp for up to 20 children ages 6 to 14; and (3) a youth center where junior high school students might socialize.

Filed on May 2, 1975 plaintiff's application was initially considered by the Washington County Planning Commission at a public hearing conducted on July 8, 1975. At that time plaintiff pointed out that the commission had, contrary to the mandate of § 2201-3.2 of the Development Ordinance,[1] failed to take "action denying or approving" its application within 60 days of its filing; as a consequence, plaintiff argued, it was entitled to have the application granted as a matter of right. Declining to accept plaintiff's interpretation of the ordinance the commission proceeded to consider testimony and arguments offered by

---

[1] Section 2201-3.2 of the Washington County Community Development Ordinance provides in relevant part that a majority of the "hearings body"—planning commission—"shall act upon [an application for a conditional use permit] within 60 days of receipt thereof unless such time limitation be extended with the consent of the applicant * * *."

ORS 215.416 similarly provides in relevant part as follows:

"(1) When required or authorized by the ordinances, rules and regulations of a county adopted pursuant to ORS 215.010 to 215.090 and 215.402 to 215.422, an owner of land may apply in writing to such

both plaintiff and those opposed to the issuance of a permit; at the conclusion of the hearing the application was "tabled" and referred back to the planning staff with directions to prepare a list of appropriate conditions which might be placed on any permit ultimately granted.[2]

Having considered the recommendations included in the requested staff report the commission thereafter approved plaintiff's application, subject to 15 separate conditions, by a 4-to-2 vote on August 27, 1975. That decision was subsequently appealed to the board of county commissioners by both the "Butner Road Association"—comprised of owners and residents of property located adjacent to the parcel involved—which opposed the issuance of any permit with or without added conditions, and the plaintiff which challenged as inappropriate or improper 7 of the 15 conditions attached to the commission's approval.

After reviewing the record made before the planning commission and having taken into consideration the arguments of attorneys appearing on behalf of the parties to the appeal, including plaintiff's argument that the failure of the commission to act within 60 days after the filing of the application necessitated its

person as the governing body may designate for a [conditional use] permit, upon such forms and in such manner as may be prescribed by the governing body of the county.

"(2) *The hearings officer shall* hold at least one public hearing on an application and, *within 60 days after receipt of the application,* shall *take action denying or approving application* and issuance of the permit or determining the contested case.

"* * * *." (Emphasis supplied.)

We need not decide in this case whether the statute has any application where no "hearings officer" has been designated by a county ordinance.

[2]Sections 2201-3.3 and 2201-3.7 of the Development Ordinance authorize the commission to impose such "conditions" on a conditional use permit "as may be necessary to carry out the Comprehensive Plan * * *" to protect "the public from the potentially deleterious effects of the proposed use; or" to fulfill "the need for public service demands created by the proposed use."

"automatic" approval, the board voted to reverse the decision of the commission and to deny the application on October 14, 1975. A "resolution and order" issued by the board on that date provided in pertinent part:

> "It appearing to the Board of Commissioners from testimony, reports, and information produced by the [plaintiff], interested persons, the Planning Department and the Planning Commission, that [the application for a conditional use permit] should be denied; and
>
> "* * * * *
>
> "* * * the findings of the * * * (Planning Department) & (Board of Commissioners) as described in Exhibit 'B', attached hereto and by this reference made a part hereof, be, and hereby are, adopted as the basis * * * for the determination that, on balance, the public welfare is not better served in granting such permit when considering the probable detrimental effects of such use on surrounding persons, properties or the public."

A petition for a writ of review was then filed by plaintiff, alleging (1) that in denying its application the board "failed to follow the procedure applicable to the matter before it and improperly construed the applicable law in that it failed to grant approval of plaintiff's application when more than 60 days had expired from the date the application was filed until action was taken by the Washington County Planning Commission"; (2) that the findings relied upon by the board as the basis for its denial were not supported by "reliable, probative and substantial evidence"; and (3) that the board "improperly construed the applicable law in that the denial of [the] application constitute[d] an unreasonable restraint upon the freedom of religion."[3]

---

[3]ORS 34.040 provides that a writ of review shall be allowed where, in the exercise of judicial or quasi-judicial functions, an "inferior court, officer, or tribunal" has

"(1) Exceeded its or his jurisdiction;

"(2) Failed to follow the procedure applicable to the matter before it or him;

■  The requirement that the planning commission take action denying or approving an application for a conditional use permit within 60 days of its filing found in § 2201-3.2 of the Development Ordinance is designed to insure that those obligated to seek approval of a proposed use of land will not be subjected to any unnecessary or arbitrary delay. It both imposes a duty to act upon the commission and endows an applicant with a corresponding right to have its application acted upon expeditiously.

■  The ordinance does not, however, indicate the relief to which an applicant is entitled where the commission fails to fulfill its duty to act within the initial 60-day interval, although both plaintiff and the board agree that some remedy must of necessity be available to an applicant where there is a continuing breach of duty by the commission. As noted above, plaintiff takes the position that the only remedy is the approval of the permit requested; the board, on the other hand, argues that the right conveyed may be adequately and effectively protected by the issuance of a writ of mandamus compelling the performance of the action required. We find the board's view to be the more tenable. The right conveyed by the ordinance is the right to timely consideration of an application; in light of the fact that the commission can be compelled to give an application the consideration required where it has failed to do so within the initial 60-day period, the awarding of the permit as the remedy for a violation of the 60-day requirement would constitute an inappropriate remedy at best. Accordingly, the board did not err in concluding that it could proceed to consider plaintiff's application on its merits despite the fact that the commission had not, in fact, complied with the pro-

"(3) Made a finding or order not supported by reliable, probative and substantial evidence; or

"(4) Improperly construed the applicable law"

to the injury of some substantial right of the plaintiff. *See Western Amusement v. Springfield*, 274 Or 37, 40, 545 P2d 592 (1976); *Fasano v. Washington Co. Comm.*, 264 Or 574, 507 P2d 23 (1973).

cedural requirements of § 2201-3.2 of the Development Ordinance. *Cf. Mendelson v. Employment Division,* 24 Or App 355, 358, 545 P2d 610, Sup Ct *review denied* (1976).

As noted in the order quoted above, the board's denial of plaintiff's application was based on both its own findings and findings made by the "Planning Department" which it chose to adopt. Included among those adopted were the findings that "[t]he unavoidable detrimental effect [of granting the application would be] increased traffic and noise," "the requested use has already outgrown the site * * *," "the scope of the use appears to be more than the present site can handle and remain a compatible use to the surrounding persons, property and public." The following findings were specifically made by the board itself:

> "1). allowing [a church and accessory] use * * * that has some level of outdoor activities is inappropriate [in a residential zone]; 2). the scope of the request for use seems to be capable of growing to the dimension that would overwhelm this particular piece of property; 3). lack of compatibility with surrounding uses; 4). commercial implications; 5). public interest was not demonstrated in the transcript or during testimony * * *."

Where, as here, it is alleged that the findings of the lower tribunal are not supported by substantial evidence, the inquiry to be made by this court is the limited one of whether the record contains evidence which a reasonable mind might accept as adequate to support the findings challenged. Where the record includes conflicting believable evidence, that conflict is to be resolved not by this court but by the lower tribunal which may choose to weigh the evidence as it sees fit. *Desler v. Lane County Commissioners,* 27 Or App 709, 557 P2d 52 (1976); *Braidwood v. City of Portland,* 24 Or App 477, 546 P2d 777, Sup Ct *review denied* (1976); *Auckland v. Bd. of Comm. Mult. Co.,* 21 Or App 596, 536 P2d 444, Sup Ct *review denied* (1975); *Dickinson v. Bd. of County Comm.,* 21 Or App 98, 533 P2d 1395 (1975).

■ Those opposed to the issuance of the conditional use permit sought in this case introduced into the record a considerable amount of evidence upon which the board might have reasonably relied to find that the contemplated use would, in fact, result in an intolerable increase in noise and traffic in the area of the property involved and that the parcel would be inadequate as a site for the specific uses proposed by plaintiff. The findings of the board to the effect that the maintenance of a "retreat center," day camp and youth center on the property involved would not reasonably meet the potential public need for which the "church and accessory use" had been incorporated into the Development Ordinance were, therefore, supported by "substantial evidence." *Cf. Kristensen v. Eugene Planning Com.,* 24 Or App 131, 544 P2d 591 (1976).

■■ Section 1902-1 of the Development Ordinance indicates that the conditional use provisions found in that ordinance were designed to provide "siting criteria" for the uses specified to the end that such uses would when granted

"[b]e consistent with the intent and purpose of the Zoning District in which it is proposed to locate such use, and * * * fill a probable need of the public which can best be met by a conditional use at this time and in this place."

This provision authorizes, at least implicitly, the denial of a "church and accessory use" conditional use permit where, as in this case, the board finds both that the specific property involved will not readily support the use and that the use proposed would have a serious adverse effect in terms of increased congestion and noise on the surrounding area. In *Jehovah's Witnesses v. Mullen et al,* 214 Or 281, 330 P2d 5, 74 ALR2d 347 (1958), *appeal dismissed* 359 US 436 (1959), the city council of the city of Milwaukie relied upon a substantially similar provision of its zoning ordinance in denying an application for a "special use"—i.e., conditional use—permit to construct a church in a primarily single-family residential zone where it had deter-

mined that the use of the land involved as the site for a church would result in a level of "traffic congestion" which would be incompatible with the nature of the surrounding area. In upholding that decision against the charge that it constituted a denial of the freedom of religion guaranteed by the First and Fourteenth Amendments to the United States Constitution and Art I, § 2 of the Oregon Constitution, the court pointed out the distinction between the infringement upon religious *beliefs,* which is absolutely prohibited, and the permissible imposition of reasonable limitations, designed to protect the public health or welfare, upon religious *practices.*[4] Like the ordinance upheld in *Jehovah's Witnesses,* those provisions of the Washington County Community Development Ordinance which in effect authorize the denial of a "church and accessory use" permit where the granting of the application would not best serve the "probable need of the public" represent a reasonable limitation upon religious practices; the board did not, therefore, "misconstrue the applicable law" when it concluded that the ordinance did not, by authorizing the denial of plaintiff's application, constitute an unreasonable restraint upon the freedom of religion.

Affirmed.

---

[4] *See State v. Soto,* 21 Or App 794, 537 P2d 142, Sup Ct *review denied* (1975), *cert denied* 424 US 955 (1976).