Argued and submitted June 24, affirmed September 28, 1981

## HOME BUILDERS ASSOCIATION OF METROPOLITAN PORTLAND,
*Petitioner,*

*v.*

## METROPOLITAN SERVICE DISTRICT et al,
*Respondents.*

(LUBA No. 80-059, CA 19422)

633 P2d 1320

Kevin L. Hanway, Portland, argued the cause and filed the brief for petitioner.

Michael Holstun, Portland, argued the cause for respondent Metropolitan Service District. On the brief was E. Andrew Jordan, Portland.

No appearance for respondent Clackamas County.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

ROBERTS, J.

## ROBERTS, J.

Petitioner Home Builders Association (Home Builders) appeals from a decision of the Land Use Board of Appeals (LUBA) upholding a Metropolitan Service District (Metro) ordinance which amended the Urban Growth Boundary (UGB) in Clackamas County. Home Builders contends that LUBA's findings on the amount of land needed to accomodate projected population growth are not supported by substantial evidence and that the result is an inadequate urban land supply which violates Statewide Planning Goal 14.[1] Metro contends that Home Builders' real contention is not the question of substantial evidence but rather that a larger amount of land, specifically certain land Home Builders designated, should have been included in the UGB. We affirm LUBA.

The ordinance adopted by Metro, Ordinance No. 80-89, amended the UGB in Clackamas County by the addition of 900 acres. This addition would accommodate 2,500 more persons than Metro's 1978 UGB determination projected for the country's urban area by the year 2000. At the hearing to determine whether the additional 900 acres should be included in the UGB, Home Builders presented evidence that that addition would still leave the county short of land for approximately 22,000 people by the year 2000. A similar contention was made and rejected in *Haviland v. LCDC,* 45 Or App 761, 766-67, 609 P2d 423 (1980).

In our review we may not substitute our judgment for that of LUBA or reweigh the evidence. We are to decide only whether the record contains substantial evidence to support the decision. Oregon Laws 1979, ch 772, § 6a(7), (8).

"Substantial evidence consists of evidence which a reasonable mind could accept as adequate to support a conclusion. *Bay v. State Board of Education,* 233 Or 601, 605, 378 P2d 558, 96 ALR 2d 529 (1963); *Wood v. Morgan,* 17 Or App 579, 583, 523 P2d 572 (1974)." *Braidwood v. City of Portland,* 24 Or App 477, 480, 546 P2d 777 (1976).

---

[1] To achieve "an orderly and efficient transition from rural to urban land use," Goal 14 requires that "urban growth boundaries shall be established to identify and separate urbanizable land from rural land." In establishing the boundaries certain factors must be considered including "demonstrated need to accommodate long-range urban population growth requirements * * *" and "need for housing * * *."

*See also, Christian Science Retreat Center v. Commissioners for Washington County,* 28 Or App 673, 560 P2d 1100 (1977).

The four points Home Builders relies on to support its allegation of lack of substantial evidence are set out and considered in LUBA's opinion, and it would serve no useful purpose to detail the arguments here. As LUBA's opinion correctly states, "[T]he four points * * * may be summarized as an attack on Metro's reliance on [1978] information used to produce its first acknowledged urban growth boundary. [Home Builders] asserts its [new] evidence should be entitled to more weight as it is more credible and more current than the old Metro information." The opinion noted that Metro's judgment could not be disturbed if there was substantial evidence to support it.

A concurring opinion by a LUBA member calls attention to the fact that this is the first case where the statistical basis for a land use planning decision by a local government has been attacked. That opinion cautions against the use of "less than the most statistically sound data" in view of the fact that LUBA is statutorily bound by the substantial evidence review rule. That concurring opinion also points out that where there is conflicting evidence based upon differing data, Metro's conclusion must be supported by evidence which "a reasonable mind could accept as adequate." That is the rule stated in *Braidwood v. City of Portland, supra.* However, in this case a more precise statement is: where there is conflicting evidence based upon differing data, but any of the data is such that a reasonable person might accept it, a conclusion based upon a choice of any of that data is, by definition, supported by substantial evidence. Metro made such a choice here, so the ordinance is supported by substantial evidence. *See Haviland v. LCDC, supra.*

Affirmed.